**TRAVELERS INDEMNITY COMPANY, Plaintiff–Appellee,**

v.

**ATLANTIC EXPRESS LINE, et al., Defendants,**

**Pacindat Mutual Protection & Indemnity Association, Ltd., Defendant–Appellant.**

**No. 86–3927.**

United States Court of Appeals, Fifth Circuit.

May 16, 1988.

Walter Carroll, Jr., Terriberry, Carroll & Yancey, New Orleans, La., for defendant-appellant.

Gino John Rendeiro, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for plaintiff-appellee.

ON PETITION FOR REHEARING

(Opinion Feb. 8, 1988, 5th Cir.1988, 837 F.2d 187)

Before REAVLEY, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby DENIED.

In its motion for rehearing Pacindat Mutual Protection & Indemnity Association, Ltd., raises two issues. The first is that in upholding the service of process under the Louisiana longarm statute, we relied upon a case which had been decided after service was accomplished. A reading of our opinion in this case reveals that we did not rely upon the case in question. We simply stated that the case had settled the issue in Louisiana in conformance with what we had already held which was that service by mail was authorized in Louisiana.

The second claim is that the assertion of personal jurisdiction over the alien petitioner violates federal due process requirements. We held that petitioner had waived any claim of lack of minimum contacts to meet due process requirements. A re-reading of appellant's original brief makes clear that they stated only one issue and the entire argument was based upon service of process under the Louisiana longarm statute. It is true that they cited a case, *Travelers Indemnity Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826 (5th Cir.1986), which does involve the due process contacts issue. They did not cite it for the purpose, however, of raising minimum contacts compliance with due process. Not one mention of that issue is found in petitioner's original brief or reply brief before this Court. We properly held that the issue, if it had been raised in the trial court, was waived.