

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2002

# Snyder v. Pascack Valley Hosp

Precedential or Non-Precedential: Precedential

Docket No. 01-4102

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Snyder v. Pascack Valley Hosp" (2002). *2002 Decisions*. Paper 531.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/531

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed August 22, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4102

THERESA SNYDER, Administratrix of the Estate of
STANLEY SNYDER, Deceased; THERESA SNYDER,
in her own right,

v.

PASCACK VALLEY HOSPITAL; DIRECTCARE MEDICAL
SERVICES, L.L.C.; MARDIK DONIKYAN, M.D.;
CLYDE A. HERSHAN, M.D.

(D.C. No. 00-cv-02097)

THERESA SNYDER, Administratrix of the Estate of
STANLEY SNYDER, Deceased; THERESA SNYDER,
in her own right,

v.

PASCACK EMERGENCY SERVICES, P.A.

(D.C. No. 01-cv-00633)

Theresa Snyder, Administratrix of the
Estate of Stanley Snyder,
        Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. Nos. 00-02097 & 01-00633)
District Judge: Honorable Harold A. Ackerman

Argued July 16, 2002




Before: McKEE, WEIS and DUHE,*
Circuit Judges.

Filed August 22, 2002

        Clifford E. Haines, Esquire
         (ARGUED)
        LITVIN, BLUMBERG, MATUSOW
         & YOUNG
        The Widener Building, 18th Floor
        1339 Chestnut Street
        Philadelphia, PA 19107

Attorney for Appellant

William J. Buckley, Esquire
  (ARGUED)
Kimberly A. Boyer, Esquire
MARSHALL, DENNEHEY, WARNER,
 COLEMAN & GOGGIN
1845 Walnut Street
Philadelphia, PA 19103

Attorney for Mardik Donikyan, M.D.

Lawrence H. Jacobs, Esquire
  (ARGUED)
Robert J. Maloof, Esquire
HEIN, SMITH, BEREZIN, MALOOF
 & JACOBS
Court Plaza East
19 Main Street
Hackensack, NJ 07601

Attorney for Pascack Valley Hospital

_____

* Honorable John M. Duhe, Jr., United States Circuit Judge for the Fifth
Circuit Court of Appeals, sitting by designation.

2

OPINION OF THE COURT

WEIS, Circuit Judge:

New Jersey legislation requires the plaintiff in a malpractice suit to provide an affidavit of merit within 120 days after defendant's answer is filed. Using the date defendant filed his answer to the first amended complaint as the beginning point, the District Court found that plaintiff 's affidavit was untimely and dismissed the suit. We conclude that the time limit began to run on the date the defendant filed his answer to the second amended complaint and, therefore, was timely. Accordingly, we will reverse and remand for further proceedings.

On February 11, 1999, plaintiff 's husband, Stanley Snyder, became ill while on a business trip in New Jersey. He was taken to Pascack Valley Hospital, where defendant Dr. Mardik Donikyan diagnosed Mr. Snyder's condition as cardiac arrhythmia, pneumonia, hypoglycemia, and dehydration. The patient was released that day and returned to his home in Pennsylvania.

Two days later, on February 13, 1999, he entered the Chester County Hospital, where doctors discovered that he was suffering from a pulmonary embolism. He was evacuated to the University of Pennsylvania Medical Center, where he died the following day. In September 1999, plaintiff 's counsel obtained an opinion from a pulmonary specialist that "there had been a deviation from the acceptable standards of care in treating Mr. Snyder at the Pascack Valley Hospital . . . ."

In May 2000, plaintiff began a wrongful death action in the United States District Court for the District of New Jersey, alleging malpractice against Dr. Donikyan, the hospital, and Directcare Medical Services, L.L.C. After the parties filed various pleadings, defendants Donikyan and the hospital moved to dismiss the suit because plaintiff had failed to timely file an affidavit of merit certifying the validity of her claims, as required by a New Jersey statute.

After reviewing the text and purposes of the New Jersey legislation, the District Court concluded that the statute's time limits began to run when the various defendants filed their original answers, rather than their subsequent answers to an amended complaint. On that basis, the Court found plaintiff 's affidavit of merit untimely and dismissed the case with prejudice.

While the Court deliberated the timeliness issue, plaintiff requested permission to dismiss her case without prejudice so that she could file another suit and comply with the affidavit of merit requirement in a timely fashion. After dismissing the suit, the District Court denied that motion, reasoning that plaintiff 's plans to refile her suit amounted to an attempted evasion of the statute. Plaintiff has appealed both rulings.

Because plaintiff is a Pennsylvania citizen and the defendants are citizens of New Jersey, we have jurisdiction under 28 U.S.C. S 1332. This Court reviews de novo the District Court's determinations of New Jersey state law. Grimes v. Vitalink Communications Corp., 17 F.3d 1553, 1557 (3d Cir. 1994).

In an effort to discourage the filing of frivolous malpractice suits, New Jersey enacted legislation in 1995 requiring plaintiffs to make a threshold showing that their claims are meritorious. The legislative history of this statute and its accompanying provisions is reviewed in some detail in Alan J. Cornblatt, P.A. v. Barow, 708 A.2d 401 (N.J. 1998), and need not be repeated here.

The part of the statute pertinent to this case sets out the obligation of the plaintiff in a malpractice suit as follows:

> "[t]he plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the

affidavit pursuant to this section, upon a finding of good cause."

N.J. Stat. Ann. 2A:53A-27.

We have held that a district court's application of this statute does not conflict with the Federal Rules of Civil Procedure and hence is enforceable in the district courts when New Jersey law applies. Chamberlain v. Giampapa, 210 F.3d 154, 157 (3d Cir. 2000).

Not infrequently, a statute that seems clear in its text presents unexpected problems in its application. The factual variations and the questions generated by resort to the relatively new statute at issue here are reflected in the number of appeals brought to New Jersey's intermediate appellate court, as well as its supreme court.

Eschewing an overly restrictive interpretation, the Supreme Court of New Jersey undertook to fill gaps in the statute by looking to the legislative objectives that led to its enactment. The Court asserted that the statute's goals were twofold, intending "not only to dispose of meritless malpractice claims early in the litigation, but also to allow meritorious claims to move forward unhindered." Burns v. Belafsky, 766 A.2d 1095, 1099 (N.J. 2001). In that case, the Court held that the plaintiff was not required to request an extension of time for "good cause" within the original sixty-day period in order to gain the additional sixty days within which to file the affidavit of merit. Id . at 1100-01.

The Burns Court also concluded that inadvertence of counsel could constitute good cause for invocation of the sixty-day extension. "Absent demonstrable prejudice, it is neither necessary nor proper to visit the sins of the attorney upon . . . [the] blameless client." Id. at 1101 (internal quotations omitted).

Only a few months after it published the Burns opinion, the New Jersey Supreme Court reiterated its opposition to a wooden construction of the statute. Galik v. Clara Maass Med. Ctr., 771 A.2d 1141 (N.J. 2001). Galik held that the plaintiff 's submission of medical reports to the defendants' insurance carrier before trial in an effort to settle the claim constituted substantial compliance with the affidavit of

merit requirement. Defendants were unable to demonstrate prejudice, and plaintiff had taken steps to comply with the statute by obtaining medical reports even before bringing suit.

Galik held that under these circumstances, the untimely filing of an affidavit in proper form was permissible. Again, the Court emphasized that errors of counsel should not be visited on the client. Id. at 1149-52. See also Fink v.

Thompson, 772 A.2d 386 (N.J. 2000) (untimely service of affidavit on physician-defendant previously identified in pre-suit report amounted to substantial compliance.).

The Appellate Division of New Jersey's Superior Court has also been confronted with a variety of factual circumstances requiring interpretation of the statute. In Barreiro v. Morais, 723 A.2d 1244 (N.J. Super. Ct. App. Div. 1999), the Court anticipated Galik in holding that the 120-day limitation was not a bright line beyond which extraordinary circumstances could not apply. 723 A.2d at 1249. Concerned that defendants could improperly use such an interpretation of the statute as a sword, the Court viewed the extraordinary circumstances exception as a means of preventing such improper use. Id. at 1248.

That is not to suggest, however, that the statute has become a toothless tiger. In many instances, the failure to comply with its requirements has resulted in dismissal. See, e.g., Charles A. Manganaro Consulting Engrs, Inc. v. Carneys Point Twp. Sewerage Auth., 781 A.2d 1116 (N.J. Super. Ct. App. Div. 2001) (negligence counterclaim dismissed for failure to file affidavit of merit); 1 Scaffidi v. Horvitz, 779 A.2d 439 (N.J. Super. Ct. App. Div. 2001) (plaintiff who did not ask for materials for affidavit was not excused for untimely filing thereof); Kritzberg v. Tarsny, 768 A.2d 810 (N.J. Super. Ct. App. Div. 2001) (affidavit served

---

1. We note that the New Jersey Supreme Court, having analyzed Manganaro and other cases, held that a breach of contract claim does not trigger the affidavit of merit statute. Admonishing trial judges to look beyond the labels of "tort" and "contract," the Court concluded that affidavits are required only where the claim requires proof of a deviation from the applicable professional standard of care. Couri v. Gardner, ___ A.2d ___, 2002 WL 1732928 (N.J. July 29, 2002).

more than three months late did not relate back nunc pro tunc to answers to interrogatories); Kubiak v. Robert Wood Johnson Univ. Hosp., 753 A.2d 166 (N.J. Super. Ct. App. Div. 2000) (functional equivalent of affidavit that has been obtained but not provided to defendant does not constitute substantial compliance). See also Chamberlain , 210 F.3d at 162-63 (no extraordinary circumstances present).

With this brief summary of New Jersey case law, we now consider the facts in the case before us. Because the sequence of the procedural steps is a critical factor in the resolution of this appeal, we set out the chronological history of the pleadings in detail.

- Plaintiff filed an amended complaint on May 15, 2000.

- Dr. Donikyan filed his answer on June 16, 2000.

- Plaintiff attempted to file a second amended

complaint on June 29, 2000, but the District Court Clerk's Office declined to accept the document.

- The Hospital filed its answer to the second amended complaint on August 16, 2000.

- The Court issued a consent order on August 25, 2000, approving the filing of the second amended complaint.

- Directcare Medical Services, L.L.C. filed its answer on August 31, 2000.[2]

- The second amended complaint was filed and docketed on September 5, 2000.

- Dr. Donikyan filed his answer to the second amended complaint on September 25, 2000.

- Dr. Donikyan filed a motion to dismiss on January 2, 2001.

- Plaintiff faxed an affidavit of merit to defendants' attorneys on January 3, 2001 and filed the affidavit with the Court on January 4, 2001.

---

2. Directcare Medical Services, L.L.C. was later dismissed from the case by stipulation and it is not a party to this appeal.

- The Hospital filed its motion to dismiss on January 12, 2001.

This chronology is unusual in two respects. First, in his opinion dismissing the case, the district judge determined that the Clerk's Office erred in failing to accept the second amended complaint when it was presented on June 29, 2000. Not until August 25, 2000, some two months later, did the Court enter a Consent Order permitting the second amended complaint to be filed and that was not accomplished until September 5, 2000.

Second, the parties had attended a status conference before a magistrate judge on August 9, 2000. All defendants had copies of the proposed second amended complaint at that time. Counsel for the Hospital made it clear that he would file an answer to the second amended complaint, rather than the first amended complaint. He did so one week later, on August 16, 2000, before the magistrate judge had signed the Consent Order for the filing of the second amended complaint. Thus, the Clerk's Office erred again in accepting an answer before the complaint to which it responded was filed.

Unquestionably, the errors of the District Court Clerk affected the orderly progress of the litigation. The confusion generated by these mistakes should not affect the plaintiff 's

right to proceed on a claim that on its face appears meritorious.

Dr. Donikyan contends that the 120-day period as to him began to run on June 16, 2000, when he filed his answer to the first amended complaint. He argues that because the second amended complaint did not change the allegations against him, the plaintiff 's obligation under the statute began when he answered her original allegations of negligence.

The statute does not address this issue, referring simply to "the answer to the complaint." The legislation does not purport to resolve all procedural intricacies that might occur during litigation, and it is reasonable to assume that the customary pleading rules would apply. An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit.

8

Under New Jersey procedural rules, as well as those in the federal system, a defendant is required to answer the amended complaint even if the new version does not change the charges against him. See Fed. R. Civ. P. 15(a) ("A party shall plead in response to an amended pleading .. . .") (emphasis added); N.J. R. Civ. Prac. 4:9-1 (same, except as to number of days within which response is required). It is quite possible, moreover, that an amended complaint (or an answer to it) could affect the content of an affidavit of merit.

Thus, it appears that the statute's purpose is best implemented here by establishing as the beginning point of the 120-day limitations period the date on which a defendant files his answer to the final amended complaint. This construction allows meritorious cases to proceed without opening the door to frivolous claims.3 Cf. Hyman Zamft and Manard, L.L.C. v. Cornell, 707 A.2d 1068, 1072 (N.J. Super. Ct. App. Div. 1998) (suggesting that filing of new pleadings would establish "a new sixty-day window" for submitting affidavit).

Moreover, we cannot overlook the extraordinary circumstances present here; the errors of the Clerk's Office contributed to the confusion that marked the early stages of this case. We shall not allow the Clerk's mistakes, albeit under extremely rare procedural circumstances, to impair the plaintiff 's right to proceed.

Plaintiff candidly concedes inadvertence in failing to file the affidavit of merit within the sixty-day period following Dr. Donikyan's answer to the second amended complaint. The New Jersey Supreme Court in Burns concluded that an attorney's honest oversight constituted good cause permitting the sixty-day extension provide by the statute. Accordingly, we conclude that the plaintiff properly filed an affidavit as to Dr. Donikyan within the 120 day period.

The Hospital's position is somewhat different. It never

3. We do not overlook the possibility that plaintiffs could file a series of amended complaints for the sole purpose of garnering additional time for providing an affidavit of merit. We are confident, however, that trial courts would not permit plaintiffs to engage in such tactics simply to evade the statute.

9

responded to the first amended complaint, answering only the second. Consequently, we do not have the problem of deciding which answer must be the starting point. That, of course, assumes that the limitations period for filing the affidavit began at a different time for each defendant based on the time each filed its respective answer.

On that point, again, the statute does not provide a solution. There is a strong argument that the time for filing the affidavit in a multiple-defendant case begins at the point when the last answer is filed. We alluded to that view in Chamberlain, where we said, "The . . . affidavit is not a pleading, is not filed until after the pleadings are closed, and does not contain a statement of the factual basis for the claim." 210 F.3d at 160.

We were not confronted in Chamberlain with the question of whether the last answer filed provided the starting point, and we have found no New Jersey cases ruling squarely on the point. We acknowledge that in In re Petition of Hall, 688 A.2d 81, 87 (N.J. 1997), the New Jersey Supreme Court commented that "[t]he time for filing the affidavit is calculated not from the date the complaint is filed but from the date of each defendant's answer." Although that statement is dicta because the case did not turn on that issue, the Superior Court later treated it as a precedential ruling. Kubiak, 753 A.2d at 168. We have our doubts about that construction of the statute but find it unnecessary to address it in the matter before us.

Here, although the Hospital filed its answer on August 16, 2000, the second amended complaint was not filed until September 5 of that year. Only on that latter date did the answer become effective, and we will, therefore, consider it filed as of September 5, 2000. The affidavit faxed to counsel on January 3, 2001 was thus provided within 120 days of the Answer to the second amended complaint in accordance with the statute's requirements.

Because we conclude that the affidavit of merit was timely provided to both defendants, plaintiff complied with the statute. Accordingly, we need not discuss the motion for voluntary dismissal.

10

The judgment of the District Court will be reversed and the case remanded for further proceedings.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

                        11