Hampshire Paper v. Highland Supply    CV-02-032-JD  09/24/02

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Hampshire Paper Corporation

    v.                                           Civil No. 02-32-JD
                                                 Opinion No. 2002 DNH 171
Highland Supply Corporation, et al.

O R D E R

The plaintiff, Hampshire Paper Corporation, sought a declaratory judgment, pursuant to 28 U.S.C. § 2201, of non-infringement and invalidity of the defendants' patents and configuration trademarks and of patent and trademark misuse. Hampshire also alleged claims of unfair competition in violation of the Lanham Act and New Hampshire law. The defendants moved to dismiss Hampshire's claims on a variety of grounds including an absence of subject matter jurisdiction with respect to the declaratory judgment claims. The court granted the motion to dismiss as to the declaratory judgment claims, Counts I through IV, and directed Hampshire to file its response to the motion as to the remaining claims.

Hampshire moved for reconsideration of the part of the order dismissing its trademark claims, Counts III and IV. Hampshire has also filed its response to the defendants' motion to dismiss its unfair competition claims. Along with its response, Hampshire moves to filed a second amended complaint.

I. <u>Motion for Reconsideration</u>

In support of reconsideration, Hampshire contends that the court erred in concluding that because the trademarks at issue in this dispute were registered in 1996, 1998, and 2000, those trademarks were not part of the parties' dispute in 1987 and 1988. Hampshire argues that because the defendants have asserted trademark rights since the beginning of their dispute it was error to conclude, based on the registration dates, that Hampshire had not shown facts sufficiently threatening to support subject matter jurisdiction. Hampshire now argues that the defendants' general trademark claims in 1987 could have included the configuration trademarks at issue in this case, but still makes no persuasive showing that it reasonably apprehended suit based on those trademarks.

In addition, Hampshire misreads the court's order which is based on alternative grounds:

> As explained above, PTII's counsel's letter of October 24, 2001, is not sufficiently adversarial to cause a reasonable apprehension of suit based on the trademarks. The parties' original dispute in 1987 and 1988 does not appear to involve the configuration trademarks at issue here, which were registered in 1996, 1998, and 2000. Although a defendant's litigiousness on related issues of intellectual property may be pertinent to deciding whether a reasonable apprehension of suit exists, Hampshire has not shown that the circumstances here are sufficiently threatening to support jurisdiction. <u>See</u> <u>Arrowhead</u> <u>Indus. Water, Inc. v. Ecolochem, Inc.</u>, 846 F.2d 731,

2

737 (Fed. Cir. 1988). In addition, even if Hampshire were able to show a justiciable controversy with respect to the trademarks, the court would exercise its discretion to decline subject matter jurisdiction as to the trademark claims to permit the parties to further develop and clarify their relationship and potential issues relating to the trademarks. See EMC Corp., 89 F.3d at 815.

Order, July 18, 2002, at 14. Therefore, the court finds no grounds to reconsider the July 18, 2002, order.

II. Motion for Leave to Amend

Hampshire filed a motion for leave to file an amended complaint along with its response to the defendants' motion to dismiss. "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . ." Fed. R. Civ. P. 15(a). For purposes of Rule 15(a), a motion to dismiss is not a responsive pleading. See Leonard v. Parry, 219 F.3d 25, 30 (1st Cir. 2000). However, because Hampshire previously filed an amended complaint, leave to amend would be required unless the defendants consented to the amendment.

The defendants moved to extend the time to file their reply to Hampshire's objection to the motion to dismiss and their

3

response to Hampshire's motion for leave to file an amended complaint to September 13, 2002. The motion was granted. The defendants then filed their memorandum in reply to Hampshire's objection on September 13, but filed no response to the motion for leave to amend.

Instead, in their reply to the objection, the defendants state: "In an attempt to respond to the arguments set forth in Defendants' motion to dismiss, Hampshire has amended its Complaint for a second time to further identify the conduct which it alleges constitutes unfair competition. Despite this second amendment to its Complaint, Hampshire still has failed to state claims of unfair competition upon which relief can be granted." Reply Mem. at 1-2. Based on that statement, the court will deem the defendants to have consented to the amendment.

The motion for leave to amend is granted. The court will consider the motion to dismiss in the context of the second amended complaint, which supersedes the previous complaint. See, e.g., Snyder v. Pascack Valley Hosp., 2002 WL 1940193, at *4 (3d Cir. Aug. 22, 2002); Young v. City of Mount Rainier, 238 F.3d 567, 572 (4th Cir. 2001). Although Counts I through IV are re-alleged in the second amended complaint, they remain dismissed for purposes of this case. See id.

4

III.  Motion to Dismiss

Hampshire's remaining claims allege unfair business practices in violation of New Hampshire law and the Lanham Act. The defendants contend that the crux of Hampshire's unfair competition claims is that they obtained their patents and trademarks inequitably or fraudulently, making them invalid. Because the court has ruled that no justiciable controversy exists to support a declaratory judgment action as to the validity of the patents and trademarks, the defendants argue, the court lacks jurisdiction to consider the unfair competition claims. Alternatively, the defendants contend that even the second amended complaint fails to plead fraud with sufficient particularity, that Hampshire fails to state claims under the Lanham Act and New Hampshire law based on the procurement and enforcement of the patents, and that Hampshire's allegations of false marking do not state a claim of unfair competition.

Hampshire responds to the jurisdictional issue by arguing that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 and § 1338(a). As such, Hampshire has not addressed the jurisdictional issue that arises from the court's previous order, which concluded that Hampshire did not present a justiciable controversy to support jurisdiction under the Declaratory Judgment Act. With respect to the unfair competition claims, the

5

jurisdictional issue is the related question of whether Hampshire has standing to assert those claims, which are premised on allegations that the defendants' patents and trademarks are invalid.

"The standing doctrine is grounded in the case-or-controversy requirement of Article III."[1] <u>Donahue v. City of Boston</u>, 2002 WL 2004680, at *4 (1st Cir. Sept. 5, 2002). Constitutional standing requires a party seeking to invoke the federal court's jurisdiction to show that "he has suffered or is threatened by injury in fact to a cognizable interest," that the injury is "concrete and particularized," and that the injury is "actual or imminent, not conjectural or hypothetical." <u>Id.</u> (internal quotations omitted). The standing requirements are assessed in terms of the asserted claims. <u>Id.</u>

Hampshire alleges that "defendants have fraudulently procured patents and trademarks and knowingly used them in bad faith against Hampshire Paper and others in the industry for an unfair competitive business advantage. These acts constitute violations of New Hampshire statutory and common law of unfair competition, and for use of the trademarks, also a violation of

_____

[1]When necessary, Article III standing must be raised and resolved by the court. <u>See</u> <u>Ford v. NYLCare Health Plans of Gulf Coast, Inc.</u>, 301 F.3d 329 (5th Cir. 2001) (page references not available).

Lanham Act Section 38 (15 U.S.C. § 1120)."  2d Am. Comp. ¶ 90.

Hampshire further alleges violations of Section 43(a) of the

Lanham Act (15 U.S.C. § 1125(a)) and New Hampshire law in that

the defendants "used their patents and trademarks against

Hampshire for an unfair competitive business advantage knowing

full well that the assertion of them was objectively baseless and

a sham because defendants knew that Hampshire's pot cover could

not possibly infringe due to its prior art Jacobson

configuration."  Id. ¶ 91.

Section 1120 provides a cause of action to any person who is

injured due to another's procurement of a registration of a mark

by false or fraudulent means.  A person so injured is entitled to

"damages sustained in consequence thereof."  15 U.S.C. § 1120.

For purposes of standing, "'it is not enough for the plaintiff

merely to establish fraud in the registration of the trademark

. . . . [S]he must also show that she sustained some damage in

consequence of the fraud; she must indicate an offense to a

protected interest . . .  Without a cognizable injury, plaintiff

lacks standing to maintain this action.'"  Robinson, Inc. v.

Carrie Beverage-Missouri, Inc., 989 F.2d 985, 991 (8th Cir. 1993)

(quoting Jackson v. Lynley Designs, Inc., 729 F. Supp. 498, 500-

01 (E.D. La. 1990)); see also Joint Stock Soc'y v. UDV North Am.,

53 F. Supp. 2d 692, 712 (D. Del. 1999).

7

Section 1125 involves two separate claims.  It appears that Hampshire is invoking the false advertising prong, section 1125(a)(1)(B).  To satisfy the standing requirement to maintain a false advertising claim, "the plaintiff must allege commercial injury based upon a misrepresentation about a product, and also that the injury was 'competitive,' i.e., harmful to the plaintiff's ability to compete with the defendant."  Barrus v. Sylvania, 55 F.3d 468, 470 (9th Cir. 1995); Stanfield v. Osborne Indus., Inc., 52 F.3d 867, 973 (10th Cir. 1995).

New Hampshire's Consumer Protection Statute provides that "[a]ny person injured by another's use of any method, act or practice declared unlawful under this chapter may bring an action for damages and for such equitable relief, including an injunction, as the court deems necessary and proper."  N.H. Rev. Stat. Ann. § ("RSA") 358-A:10, I.  Under the common law, a plaintiff must allege that "there is a reasonable basis for believing that the representation has caused or is likely to cause a diversion of trade from the [plaintiff] or harm to the [plaintiff's] reputation or good will."  Pacamor Bearings, Inc. v. Minebea Co., Ltd., 918 F. Supp. 491, 501 (D.N.H. 1996).

Therefore, as to all of Hampshire's unfair competition claims, Hampshire must allege its own injury resulting from the defendants' conduct to demonstrate standing.  The allegations in

8

the Second Amended Complaint document the defendants' alleged improper conduct in procuring their patents and trademarks but offers very little as to the resulting harm. With respect to its own injury, Hampshire alleges that it "has suffered damage in New Hampshire and elsewhere as a result of defendants' fraudulent procurement of their four configuration trademark registrations because defendants have used them for an unfair competitive business advantage in New Hampshire and elsewhere in the pot cover market. Hampshire has not been able to enter the pot cover market due to defendants' fraudulent procurement of their trademark registrations and their use of such fraudulently procured trademark registrations." 2d Am. Com. ¶ 76. Otherwise, Hampshire simply makes conclusory allegations that the "[d]efendants have done such unlawful acts and damaged Hampshire in the State of New Hampshire and elsewhere." 2d Am. Com. ¶¶ 90, 91.

In addition, as is discussed in the previous order, Hampshire has not manufactured any infringing products. Hampshire alleges that the pot covers it intends to make and sell "do not infringe any plant cover patent owned by defendants. Hampshire Paper's plant covers also do not infringe any configuration trademark registrations owned by defendants." 2d. Am. Com. ¶ 96. Although Hampshire alleges that the defendants

9

recently "threatened" Hampshire with enforcement of their plant cover patents and trademarks, no action has been taken. The court previously concluded that the "threats" alleged by Hampshire did not cause a reasonable apprehension of suit. Order, July 18, 2002, at 12.

Because the pot covers it alleges it intends to manufacture do not infringe and because the defendants have not threatened or otherwise inhibited Hampshire's commercial activity as to noninfringing products, Hampshire has not stated an injury cognizable under any of its unfair competition claims. Therefore, Hampshire lacks standing to assert its unfair competition claims, and the court lacks jurisdiction to consider the claims.

## Conclusion

For the foregoing reasons, the plaintiff's motion for leave to amend (document no. 20) is granted. The defendants' motion to dismiss (document no. 7) is granted as to Counts V and VI; Counts 1 through IV having been previously dismissed.

The Clerk of Court shall docket the second amended complaint, enter judgment in favor of the defendants, and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 23, 2002

cc:  George R. Moore, Esquire
     Paul Cronin, Esquire
     Thomas J. Donovan, Esquire
     Joseph P. Titterington, Esquire