768 A.2d 810 (2001)
338 N.J. Super. 254
Doris KRITZBERG and Nathan Kritzberg, Plaintiff-Appellants,
v.
Francis TARSNY, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 2001.
Decided March 20, 2001.
David Finkler, Wayne, argued the cause for appellants.
Matthew S. Schorr, Springfield, argued the cause for respondent (McDonough, *811 Korn & Eichorn, attorneys; Mr. Schorr, of counsel and on the brief).
Before Judges KESTIN, CIANCIA[1] and ALLEY.
The opinion of the court was delivered by ALLEY, J.A.D.
In this appeal we again interpret and apply the Affidavit of Merit Statute, N.J.S.A. 2A:53A-27. In this medical malpractice action, the appeal involves both an affidavit of merit which was untimely served, and interrogatory answers certified by the injured plaintiff which described the expert's opinion and which were served within the statutory 120 day period. The motion court dismissed the action for failure to comply with the Affidavit of Merit Statute and we affirm.
On January 5, 1999, a complaint alleging medical malpractice was filed in the Law Division on behalf of Doris Kritzberg and her husband Dr. Nathan Kritzberg. It was served on March 19, 1999. The alleged negligence occurred during Mrs. Kritzberg's treatment by defendant for foot and ankle problems, extending from December 12, 1995 through January 24, 1997, and including surgery on October 30, 1996.
On May 4, 1999, after the time for an answer had already expired, defendant's counsel requested and received an extension of that time. Defendant's answer was served on June 3, 1999, together with supplemental interrogatories. The answer specifically demanded that plaintiffs furnish an affidavit of merit. Shortly thereafter, defendant provided answers to certain interrogatories.
The relevant section of the Affidavit of Merit Statute provides:
In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause. The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.
[N.J.S.A. 2A:53A-27.] (Emphasis added)
Taking June 3, the date of the answer, as the starting point, the statutory initial 60 day period for providing an affidavit of merit expired on August 2, and the additional 60 days available subject to leave of court expired October 1, 1999.
While the hands on the affidavit of merit clock were moving toward midnight, discovery proceeded. Defendant's counsel agreed to two extensions of time for plaintiffs to answer interrogatories, including interrogatories as to expert witnesses, and, with time extended to September 2, 1999, plaintiffs served interrogatory answers on *812 the very last day. They were certified by plaintiff Doris Kritzberg. The answers to Questions 7 and 9 set forth names of treating physicians expected to testify and stated that a Dr. Barry Gustin was expected to testify regarding injuries resulting from a deviation from the standard of care.
On November 16, 1999, plaintiffs were deposed, and on November 19, Mrs. Kritzberg submitted to a physical examination by defendant's medical expert. On the same day as the medical examination, November 19, 1999, seven weeks after the 120 day deadline for service of an affidavit of merit had expired, defendant moved to dismiss for failure to serve the affidavit.
On January 11, 2000, plaintiffs finally submitted an affidavit of merit prepared by Dr. Barry Gustin, which was sworn to the same day, and on January 12, 2000, plaintiffs responded to the motion to dismiss with a cross-motion seeking in the alternative an order to extend the time to serve the Affidavit, deem the interrogatory answers to constitute substantial compliance with the affidavit requirement, or relate the service of the affidavit back nunc pro tunc to the date of the interrogatory answers.
On February 4, 2000, Judge James T. Murphy denied plaintiffs' cross motion and granted defendant's motion to dismiss. Plaintiffs appeal from that order.
Plaintiffs contend that, although they failed to comply with the literal requirements of the Affidavit of Merit Statute, their action nonetheless ought to be permitted to go forward under the "substantial compliance" doctrine, as described in Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 708 A.2d 401 (1998).
As already shown, defendant answered on June 3, 1999, and as a result the 60 day initial statutory period expired on August 2, 1999, but plaintiffs did not answer interrogatories until September 2, 1999, and did not serve an affidavit of merit until January 11, 2000. Plaintiffs received a stipulation extending time to answer interrogatories, but they did not receive such an extension for the affidavit of merit.
Plaintiffs argue that their service of interrogatory answerstimely under the stipulation receivedtogether with the post 120 day service of a proper affidavit constitute "substantial compliance" under Cornblatt. We have allowed a physician practicing in one specialty to submit an affidavit alleging the malpractice of a physician practicing in another specialty, as long as the affiant had substantial knowledge of the field in question, see Wacht v. Farooqui, 312 N.J.Super. 184, 188, 711 A.2d 405 (App.Div.1998), but we are unaware of any authority deciding that the statute would permit the affidavit of a non-physician to support a medical malpractice action that will ultimately require expert testimony. Although in Mayfield v. Community Medical Associates, 335 N.J.Super. 198, 210, 762 A.2d 237 (App.Div.2000) we allowed, under limited and particular circumstances, use of an expert's affidavit that was timely filed with the court but untimely served, that case provides no support for plaintiffs here.
Plaintiffs further contend that interrogatories describing the deviation from the appropriate standard of care and naming the intended experts fulfill the affidavit of merit requirement, since the interrogatories "informally" contain "information more detailed" than the affidavit of merit statute requires. For purposes of this opinion, we will assume without deciding that the information contained in the answers to the interrogatories was sufficiently detailed to comply with the statute if it had been in the form of an affidavit of merit. The interrogatories are deficient, however, not for lack of information, but for a lack of a proper affiant. See N.J.S.A. 2A:53A-27 (requiring that affiant have board certification or five years experience in the field).
An affidavit of merit is not merely to supply detailed "information" as to the alleged breach of duty, but also protects defendants against meritless claims by *813 barring such claims from going forward unless an expert promptly confirms that the claim has merit. See Cornblatt, supra, 153 N.J. at 242, 708 A.2d 401. The certified interrogatories do not demonstrate for purposes of the statute that the claim has merit, and they cannot be used to satisfy the affidavit of merit requirement, no matter how specifically the allegations and potential witnesses are described therein. Within the 120 day period, not only had no expert's affidavit or certification been supplied, but in addition no written expert's report had been supplied.
Plaintiffs also argue that the late affidavit ought to be accepted as substantial compliance with the statute, in that it should relate back nunc pro tunc to the date of the interrogatory answers. The actual affidavit was served months late. While Cornblatt`s substantial compliance rule creates some leeway as to non-conforming papers, its scope is not as broad as plaintiffs contend. See Cornblatt, 153 N.J. at 240, 708 A.2d 401 (permitting "timely" filing of non-conforming affidavit or certification); Mayfield, supra, 335 N.J.Super. at 210, 762 A.2d 237. Substantially untimely papers do not promote the "gatekeeper" function of the statute, i.e., assuring that groundless actions do not linger unduly, see Hubbard v. Reed, 331 N.J.Super. 283, 292, 751 A.2d 1055 (App. Div.), certif. granted, 165 N.J. 527, 760 A.2d 781 (2000), and accordingly papers not created nor served within 120 days cannot be submitted in fulfilment of the statutory requirements. Moreover, we find no authority in our Supreme Court's recent decision in Burns v. Belafsky, 166 N.J. 466, 766 A.2d 1095 (2001), which was decided after oral argument in this appeal, for interpreting the 120 day statutory period in as open-ended a fashion as plaintiffs urge. Burns confirms that by leave of court the initial statutory period can be enlarged to 120 days, but it does not hold that the document which satisfies the statute can be supplied after the 120 days have expired. We also note that the certification of plaintiff was executed by someone with a "financial interest in the outcome of the case ..." and that this is a further non-conformity with the statute. N.J.S.A. 2A:53A-27.
With respect to the affidavit in Mayfield, supra, we observed:
In summary, what is beyond legitimate dispute with respect to Dr. Bernardo's affidavit of merit is this. It is a document that in form meets the requirement of the statute that an affidavit be the document provided. It was not created after the expiration of the statutory time but existed from the outset of the case. It was timely disclosed in the sense of being included in the public record of the case, though not in the sense of being physically delivered to defense counsel. It was physically provided to defense counsel the day after plaintiff's counsel learned of the mistaken failure to provide it initially. It shows the alleged underlying merits of the action to the same extent as would a document whose service on defense counsel was literally made as directed by the statute.
[335 N.J.Super. at 208-09, 762 A.2d 237.] (Emphasis added.)
The affidavit in this case does not share the characteristics of the Mayfield affidavit that we have highlighted in the foregoing passage and in our view its shortcomings, taken together, are sufficient to remove it from the ambit of the Mayfield holding. In short, there was no substantial compliance and the complaint was properly dismissed pursuant to the Affidavit of Merit Statute.
The order appealed from is affirmed.
NOTES
[1] Judge Ciancia did not participate in oral argument, but has, with the consent of counsel, been added to the panel deciding the matter.