827 A.2d 1080

TADEUSZ CZEPAS AND DOROTA CZEPAS, PLAINTIFFS–APPEL-
LANTS/ CROSS–RESPONDENTS, v. RICHARD S. SCHENK,
M.D., JANET EINHORN, P.T., AND OVERLOOK HOSPITAL, DE-
FENDANTS–RESPONDENTS/CROSS–APPELLANTS, AND JO-
SEPH D. ZUCKERMAN, M.D., DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted May 20, 2003—Decided July 3, 2003.

Before Judges SKILLMAN, LEFELT and WINKELSTEIN.

*Ball Livingston,* attorneys for appellants/cross-respondents (*Stuart S. Ball,* of counsel; *Mr. Ball and Susan J. Abraham,* on the brief).

*Lunga, Evers & Johnson,* attorneys for respondent/cross-appellant *Richard S. Schenk, M.D.* (*Robert T. Evers,* of counsel; *Jennifer M. Martin,* on the brief).

*Schenck, Price, Smith & King,* attorneys for respondents/cross-appellants *Atlantic Health System/Overlook Hospital Campus and Janet Einhorn, P.T.* (*T.C.C. Humick,* of counsel; *Peter A. Marra,* on the brief).

The opinion of the court was delivered by

WINKELSTEIN, J.A.D.

In September 1997 plaintiff Tadeusz Czepas was injured as he tried to jump into a rolling car which was about to strike his wife, plaintiff Dorota Czepas.[1]  He was treated for his injuries by defendant medical providers.  Believing he received inadequate medical care, in the spring of 1999 plaintiff contacted counsel who had an orthopedic specialist review plaintiff's medical records. Although the specialist suggested that one or more of the healthcare providers may have deviated from the standard of care, he was unable to specify any particular deviation or attribute responsibility to any particular provider.

---

[1] All references to plaintiff shall be to Tadeusz Czepas.  Dorota Czepas has a per quod claim.

To avoid the running of the statute of limitations, plaintiff filed suit against defendants in September 1999. However, because plaintiff's counsel had been unable to obtain Affidavits of Merit, he intentionally delayed issuing summonses and serving defendants with the complaint for approximately two years.

Defendants moved for dismissal of the complaint based on plaintiff's failure to comply with *Rule* 4:4-1, which requires issuance of the summons within ten days of the filing of the complaint. The motion judge dismissed plaintiff's complaint without prejudice. On appeal, plaintiff claims that because defendants suffered no prejudice by reason of the delay between the filing and service of the complaint, dismissal of his complaint was not warranted. In their cross-appeal, defendants claim the judge should have dismissed the complaint with prejudice.

We agree with the motion judge that plaintiff's counsel's intentional delay in serving the summonses and complaint in order to avoid application of the Affidavit of Merit statute warranted dismissal of plaintiff's complaint. Accordingly, we affirm. Furthermore, because a dismissal without prejudice does not foreclose a statute of limitations defense, we affirm the Law Division's without prejudice dismissal of plaintiff's complaint.

## I

To understand the context in which plaintiff's complaint was dismissed, we examine the procedural and factual background in some detail. This is what happened.

After being injured on September 2, 1997, plaintiff was first taken to defendant Overlook Hospital but was transferred to Morristown Memorial Hospital several days later, where he was seen by defendant Richard S. Schenk, M.D., an orthopedist. Dr. Schenk diagnosed plaintiff with bilateral rib fractures, a right scapula fracture, and pulmonary and renal contusion. Plaintiff was discharged from the hospital on September 7, 1997.

Following his discharge, plaintiff continued to see Dr. Schenk. On September 24, 1997, plaintiff complained to Dr. Schenk of severe pain in his ribs and right shoulder; plaintiff was unable to lift his right arm. Dr. Schenk ordered an MRI to rule out a rotator cuff tear, and recommended physiotherapy. Upon receipt of the MRI results, Dr. Schenk determined that plaintiff had a "displaced fracture of his greater tuberosity" and a "posterior subluxation of his humeral head." Based on that diagnosis, Dr. Schenk scheduled surgery for plaintiff.[2]

About a year-and-a-half later, plaintiff contacted counsel about what plaintiff believed was defendants' negligent medical treatment. In March 1999, plaintiff's attorney requested plaintiff's medical records from Dr. Schenk, and received them about a week later. Counsel sent the records to an orthopedist for review. The doctor confirmed that plaintiff had residual medical problems, and he intimated that one or more health care providers may have deviated from the standard of care; however, he was unable to specify any particular deviation or attribute responsibility to any individual health care provider.

On September 13, 1999, counsel filed a medical malpractice complaint on behalf of plaintiffs against Dr. Schenk; Dr. Joseph D. Zuckerman;[3] Janet Einhorn, P.T.; and Overlook Hospital. Plaintiff's counsel filed the complaint at that time because of his uncertainty as to the expiration of the statute of limitations. He decided not to immediately serve defendants because he had not obtained an expert who would have provided Affidavits of Merit.

When, after several months, counsel was still unable to obtain Affidavits of Merit, plaintiff told his attorney he would look for another lawyer to represent him. Although plaintiff did not retain another lawyer in New Jersey, he did contact an attorney in New

---

[2] The record is unclear by whom and when surgery was performed.

[3] Dr. Zuckerman is not a party to this appeal. He was never served in New Jersey; instead, plaintiff filed a separate lawsuit against him in New York.

York, who, sometime in early 2001, had several telephone conversations with plaintiff's New Jersey attorney. New York counsel believed he could obtain the necessary Affidavits of Merit to support plaintiff's claim of malpractice. Based on those conversations, New Jersey counsel contacted the Superior Court Clerk's Office to determine the status of the case; he was told the complaint had been administratively dismissed in April 2000.

In April 2001, counsel moved to restore the case to active status. The court denied that motion in May. The following month, in support of a motion for reconsideration, plaintiff's counsel certified that he had never received notice of the dismissal. He also certified that he decided not to immediately serve the complaint because he had not received Affidavits of Merit. On July 5, 2001, the court restored the case to active status.

On July 24, 2001, Dr. Schenk was served with a summons and the complaint. He answered on July 30, 2001. Overlook Hospital was served in September 2001; and Einhorn was served one month later. Plaintiff served Affidavits of Merit on Dr. Schenk, Einhorn and Overlook Hospital in September and October 2001. Einhorn and Overlook Hospital answered plaintiff's complaint in November.

Meanwhile, in October and November, defendants had moved to dismiss the complaint based on plaintiff's failure to timely serve the summonses and complaint. Service of a summons and the complaint was made on Dr. Schenk one year and ten months after the complaint was filed, and on Overlook Hospital and Einhorn more than two years later. In dismissing the complaint, the judge did not find that defendants suffered any prejudice in their ability to defend the case on its merits by reason of the delay, but rather, said:

It is clear to the Court that the defendants have been prejudiced by the willful tactics employed by plaintiffs' counsel. Had he issued the summons to the defendants in a timely manner, after filing the complaint in this case, he would have been unable to provide an affidavit of merit to each defendant in a timely manner and the case would have been dismissed with prejudice. Had he waited until he obtained the services of a qualified physician to issue an affidavit of merit,

it is entirely possible that plaintiffs' claims would have been time barred by *N.J.S.A.* 2A:14–2. Plaintiff should not be entitled to benefit from the tactics employed by his attorney to defeat both a Statute of Limitations defense and an affidavit of merit defense.

In the order which dismissed the complaint, the court tolled the statute of limitations from the date of the issuance of the summonses for each defendant "until the date plaintiff re-files a new complaint." The judge further ordered that "the filing of any such new complaint will not be deemed to relate back to the date of the filing of the complaint in this action, nor will plaintiff be permitted to restore the complaint filed in this action." [4]

## II

■ The Law Division dismissed plaintiff's complaint because plaintiff failed to comply with *Rule* 4:4–1, which requires a plaintiff to issue a summons within ten days after the complaint is filed.[5] Plaintiff claims this was error, because defendants have not been prejudiced by the delay in their ability to defend the claim on its merits.

The policy behind the Rule is to ensure that after a plaintiff has filed a complaint he or she will diligently cause a summons to be issued so the defendant will have notice of the complaint and be afforded an early opportunity to answer or take other appropriate

---

[4] The Law Division did not make a finding concerning the expiration date of the two-year statute of limitations in this case, *see N.J.S.A.* 2A:14–2, or determine whether the discovery rule would be applicable to plaintiff's claim. *See Mancuso v. Neckles*, 163 *N.J.* 26, 29, 747 A.2d 255 (2000). Neither party disputes, however, that if the statute of limitations is not tolled until the date each defendant was served with the summons and complaint, defendants could successfully raise the statute as an affirmative defense to any new complaint.

[5] According to the version of *Rule* 4:4–1 in effect when plaintiff's complaint was dismissed, "[i]f a summons is not issued within 10 days after the filing of the complaint the action may be dismissed in accordance with *R.* 4:37–2(a)." *Rule* 4:37–2(a) says, "[f]or failure of the plaintiff to cause a summons to issue within 10 days after filing the complaint ..., the court in its discretion may on defendant's motion dismiss an action or any claim against the defendant. Such a dismissal shall be without prejudice unless otherwise specified in the order."

steps. *X–L Liquors, Inc. v. Taylor,* 17 *N.J.* 444, 453, 111 *A.*2d 753 (1955); *Patterson v. Monmouth Reg'l High Sch. Bd. of Educ.,* 222 *N.J.Super.* 448, 456, 537 *A.*2d 696 (App.Div.1987), *certif. denied,* 110 *N.J.* 183, 540 *A.*2d 180 (1988). The Rule is designed to keep the plaintiff's interest in the case active and to require the plaintiff to do more than deposit a pleading in the clerk's office. *Moschou v. De Rosa,* 192 *N.J.Super.* 463, 466, 471 *A.*2d 54 (App.Div.1984).

Generally, a violation of the ten-day rule should not result in dismissal when the defendant is not prejudiced, the complaint appears meritorious, and the failure to timely issue the summons was due solely to the neglect of the plaintiff's attorney. *James v. Bessemer Processing Co., Inc.,* 155 *N.J.* 279, 315, 714 *A.*2d 898 (1998); *Olds v. Donnelly,* 150 *N.J.* 424, 438, 696 *A.*2d 633 (1997) (citing *McLaughlin v. Bassing,* 100 *N.J.Super.* 67, 70, 241 *A.*2d 237 (App.Div.1967) (Sullivan, J. dissenting), *rev'd on dissent,* 51 *N.J.* 410, 241 *A.*2d 450 (1968)). The mere delay in issuing a summons is usually not enough to warrant dismissal of a complaint. *Olds, supra,* 150 *N.J.* at 439, 696 *A.*2d 633. However, a lack of prejudice is not the only factor to be considered in deciding whether to dismiss a complaint for failure of timely service. Whether a defendant was timely made aware of the claim, there was good cause for the failure of timely service, or plaintiff or counsel were simply neglectful in failing to timely serve the complaint, are also taken into account. *Rivera v. Atl. Coast Rehab. & Health Care Ctr.,* 321 *N.J.Super.* 340, 346–47, 729 *A.*2d 42 (App.Div.1999); *McLaughlin, supra,* (two-and-one-half-year delay between filing complaint and service did not warrant dismissal because defendants previously aware of accident, and counsel had good cause not to serve complaint when assured by insurance company that case would settle).

Relying on this body of law, plaintiff's position is that in the absence of a demonstration by defendants that the two-year delay prejudiced their ability to defend the claim on its merits, the Law Division abused its discretion when it dismissed the complaint. Plaintiff's position ignores, however, his reason for the delay. He

has not demonstrated either good cause or simple neglect. Instead, plaintiff's failure to comply with *Rule* 4:4–1 was done with an intent to undermine the time restraints of the Affidavit of Merit statute. *See N.J.S.A.* 2A:53A–26 through –29.

The Affidavit of Merit statute allows a plaintiff sixty days following the filing of a defendant's answer to provide the defendant with an affidavit from an appropriate licensed person, establishing that there exists a reasonable probability that the care exercised by that defendant fell outside acceptable professional standards or practices. *N.J.S.A.* 2A:53A–27. Failure to timely provide this affidavit, subject to exceptions which are not relevant to this case, "shall be deemed a failure to state a cause of action." *N.J.S.A.* 2A:53A–29.

The statute was intended to strike a balance between reducing frivolous lawsuits and permitting injured plaintiffs the opportunity to recover from culpable defendants. *Fink v. Thompson,* 167 *N.J.* 551, 559, 772 *A.*2d 386 (2001). It requires malpractice plaintiffs to make a threshold showing that their claims have merit "at an early point in the litigation," *Ibid.,* and it bars such claims from going forward unless an expert "promptly" confirms that the complaint has merit. *Kritzberg v. Tarsny,* 338 *N.J.Super.* 254, 259, 768 *A.*2d 810 (App.Div.2001). Notably, a dismissal for failure to provide an Affidavit of Merit is a failure to state a cause of action and should ordinarily be "with" prejudice, unless a plaintiff can demonstrate the existence of extraordinary circumstances. *Alan J. Cornblatt, P.A. v. Barow,* 153 *N.J.* 218, 242, 246, 708 *A.*2d 401 (1998); *Davies v. Imbesi,* 328 *N.J.Super.* 372, 376, 746 *A.*2d 40 (App.Div.2000).

Here, by plaintiff's counsel's own admission, summonses were not issued and the complaint was not timely served because at the time the complaint was filed, no "appropriate[,] licensed person" would prepare an affidavit saying that any individual defendant's conduct deviated from the standard of care. Consequently, in an effort to avoid having the complaint dismissed with prejudice, counsel withheld issuance of the summonses and service of the

complaint until he was aware that Affidavits of Merit would be forthcoming. By so doing, counsel effectively rewrote the Affidavit of Merit statute—he extended the statutory sixty-day time frame within which to provide the Affidavit of Merit to two years. This conduct undermined one of the legislative purposes of the statute, that plaintiff make a threshold showing of a meritorious claim at an early stage of the litigation.

Nor can we lose sight of how these actions affected the fundamental purposes of the applicable two-year statute of limitations. *See N.J.S.A.* 2A:14–2. The purpose of imposing a period of limitations upon a plaintiff is well-settled. A statute of limitations stimulates activity, punishes negligence, and promotes repose "by giving security and stability to human affairs." *Martinez v. Cooper Hosp.-Univ. Med. Ctr.*, 163 *N.J.* 45, 51, 747 *A.*2d 266 (2000) (quotation omitted). Its primary purpose is to eliminate stale claims and to compel the exercise of a right of action so that an opposing party has a fair opportunity to defend. *Id.* at 51–52, 747 *A.*2d 266.

By deliberately delaying issuance of the summonses and service of the complaint for approximately two years, while not literally violating the statute of limitations, plaintiff does a disservice to its intent and purpose. Rather than eliminating stale claims and promoting repose to defendants, plaintiff's actions have had the opposite effect. Plaintiff denied defendants notice of the claims against them until September and October 2001, approximately four years after they treated plaintiff. By not serving the complaint until four years after plaintiff's treatment with defendants ended, plaintiff effectively extended the limitations period for an additional two years. To permit a plaintiff to proceed in this manner would be tantamount to allowing a plaintiff to indefinitely extend a statute of limitations until he or she could construct a cause of action against a defendant, rendering the statutory limitation period meaningless. Defendants would be denied the repose and security that statutes of limitations were enacted to encourage. A court should not countenance this type of conduct.

Statutes of limitations and the Affidavit of Merit statute each impose a time frame within which a plaintiff must take certain steps to pursue his claim. A statute of limitations compels a plaintiff to commence a cause of action within a certain time frame. The Affidavit of Merit statute compels a plaintiff to demonstrate, within a defined time, that the asserted cause of action has merit. Here, plaintiff's actions, by not timely issuing the summonses and serving the complaint, effectively neutralized the time constraints of both of these legislative enactments.

In *Mancuso v. Neckles, supra*, our Supreme Court commented on the time limitations imposed upon a plaintiff in a medical malpractice action by both the Affidavit of Merit statute and the statute of limitations. 163 *N.J.* 26, 747 *A.*2d 255. The Court said: "[I]n addition to filing the action within two years of its accrual, a claimant must also have in hand or be able to obtain within 60 days the expert's opinion pursuant to the Affidavit of Merit Statute; otherwise, the claim is precluded." *Id.* at 37, 747 *A.*2d 255. In other words, the Court recognized that a plaintiff must comply with both time limitations when instituting a malpractice lawsuit, or chance having the complaint dismissed.

In another recent decision, the Court discussed a plaintiff's dilemma when facing the expiration of a two-year statute of limitations, while being unsure of a potential medical malpractice defendant's involvement with the plaintiff's care. *Fink, supra*, 167 *N.J.* at 562–63, 772 *A.*2d 386. The medical malpractice complaint was filed exactly two years from the date of the decedent's death. *Ibid.* The defendant had been named in the complaint because his name was the only legible name in the hospital records. *Id.* at 562, 772 *A.*2d 386. At the time the Affidavit of Merit was required to be filed, the defendant's specific activities in connection with the plaintiff's death were not yet identified. *Id.* at 563, 772 *A.*2d 386. The plaintiff thus filed an Affidavit of Merit referring to "unnamed physicians." *Ibid.*

Commenting on counsel's options when faced with the "hard reality" of a two-year statute of limitations while knowing the

defendant's identity, but not his precise involvement in the decedent's care, the Court noted that counsel could have sought pre-suit depositions or, if that was not realistically possible, should have resorted to depositions promptly after the filing of the complaint. *Id.* at 564, 772 *A.2d* 386. The Court said:

> Attorneys should not rely on an intention to conduct later discovery to excuse noncompliance with *N.J.S.A.* 2A:53A-27 but, rather, should begin discovery promptly when facts are needed to comply with the requirements of the Affidavit of Merit statute.... We urge counsel to time their discovery—with court intervention if necessary—so that facts necessary to comply with *N.J.S.A.* 2A:53A-27 are available by the statutory deadlines.
>
> [*Ibid.*]

Both *Mancuso* and *Fink* support the proposition that a plaintiff's attorney must take appropriate steps to be prepared to timely file an Affidavit of Merit while at the same time complying with the applicable statute of limitations. A plaintiff's options to accomplish these goals include pre-suit depositions and discovery after the complaint is filed.

No authority exists, however, to support what counsel did here. Counsel may not intentionally delay issuance of the summons and service of the complaint to buy additional time to obtain an Affidavit of Merit. Even if counsel technically complied with the letter of the statute of limitations and the Affidavit of Merit statute, his delay in service denied defendants prompt notification of both the claim against them, and the merit of that claim. Instead of eliminating stale claims, counsel's actions promoted them. Consequently, plaintiff's complaint was rightfully dismissed.

### III

Plaintiff also challenges on appeal that portion of the Law Division's order that prohibited any newly filed complaint from relating back to the date the original complaint was filed. This argument is without merit.

Plaintiff claims that inherent in a dismissal without prejudice is the notion that once reinstated, a complaint will relate back to the

date of its original filing, precluding defendants from raising a statute of limitations defense. *See Mason v. Nabisco Brands, Inc.,* 233 *N.J.Super.* 263, 268, 558 *A.*2d 851 (App.Div.1989) (voluntary dismissals reinstated for good cause, and involuntary dismissals subject to court rules which permit reinstatement upon the satisfaction of a condition, relate back to original date of filing when complaint reinstated). To permit reinstatement of the complaint under the circumstances of this case, however, would defeat all of the reasons we have expressed in affirming the dismissal. We agree with the Law Division that should plaintiff file a new complaint, defendants in the second suit will be free to assert statute of limitations defenses. *See O'Loughlin v. Nat'l Cmty. Bank,* 338 *N.J.Super.* 592, 603, 770 *A.*2d 1185 (App.Div.), *certif. denied,* 169 *N.J.* 606, 782 *A.*2d 424 (2001); *Mason, supra,* 233 *N.J.Super.* at 268, 558 *A.*2d 851.

## IV

■ Finally, we address defendant's cross-appeal, claiming the court abused its discretion by dismissing plaintiff's complaint without prejudice. A dismissal without prejudice means that there has been no adjudication on the merits and that a subsequent complaint alleging the same cause of action will not be barred by reason of its prior dismissal. *O'Loughlin, supra,* 338 *N.J.Super.* at 603, 770 *A.*2d 1185; *Mason, supra,* 233 *N.J.Super.* at 267, 558 *A.*2d 851. A defendant in the second suit remains free to assert a statute of limitations defense. *O'Loughlin, supra,* 338 *N.J.Super.* at 603, 770 *A.*2d 1185; *Mason, supra,* 233 *N.J.Super.* at 268, 558 *A.*2d 851. Consequently, defendants are sufficiently protected by the dismissal without prejudice.

We affirm.