# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1600-17T1

IN THE MATTER OF ADOPTION
OF A CHILD BY C.M.C.

_____

Submitted September 18, 2018 – Decided  October 5, 2018

Before Judges Yannotti, Rothstadt and Gilson.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FA-20-0050-16.

C.M.C., appellant pro se.

W.A.D., respondent pro se.

PER CURIAM

On November 13, 2015, plaintiff C.M.C. filed a complaint in the Family Part, Union County, for the adoption of G.M.  She appeals from an order dated March 17, 2017, which dismissed her complaint without prejudice; an order filed July 5, 2017, awarding W.A.D. attorney's fees; and an order dated October 20,

2017, which denied her motion for reconsideration of the July 5, 2017 order. We affirm.

## I.

We briefly summarize the relevant facts and procedural history. In her complaint, C.M.C. stated that G.M. was born in December 2011, and R.M.C. adopted the child in November 2013. C.M.C. and R.M.C. are married, and she alleged R.M.C. consented to her adoption of G.M. In an addendum to the complaint, C.M.C. stated that "[t]he matter in controversy in the within action is not the subject of any other action pending in any [c]ourt or a pending arbitration proceeding, nor is any such [c]ourt action or arbitration proceeding presently contemplated." C.M.C. also asserted, "There are no other persons who should be joined in this action at this time."

On December 18, 2015, W.A.D. filed a motion to intervene. She also sought immediate dismissal of the complaint, or in the alternative, transfer of the action to the Family Part in Essex County. In a supporting certification, W.A.D. stated that she had a pending action in the Essex County Family Part, in which she was seeking custody of G.M. and other relief. W.A.D. said she had filed a complaint for adoption of G.M. in Essex County.

2

W.A.D. also noted that beginning in 2009, she and R.M.C. had "enjoyed a committed relationship together." After G.M. was born, W.A.D. and R.M.C. became the child's foster parents, and they lived together in W.A.D.'s home. W.A.D. stated that after G.M. became available for adoption, she and R.M.C. agreed that R.M.C. would adopt the child first, and W.A.D. would pursue a second-parent adoption later. W.A.D. stated that since R.M.C. adopted G.M., she and R.M.C. have had equal parenting time, and she has been paying all of G.M.'s educational costs and providing additional monies for the child's support.

W.A.D. added that R.M.C. had married another woman, moved out of her home, and was limiting her parenting time with G.M. She claimed R.M.C. was backtracking on her agreement to the second-parent adoption. She filed the action in Essex County to formalize the permanent custody and parenting time plan, and to have G.M.'s birth certificate changed to reflect the names of both parents.

W.A.D. asserted that C.M.C. had falsely stated in her complaint that there were no outstanding or pending cases regarding G.M. She said C.M.C. had falsely certified there is no other pending case regarding G.M.'s adoption, and she claimed C.M.C. was trying to obtain a "back door" adoption of the child.

3

She stated that C.M.C. committed a fraud upon the court, and she asked the court to award her attorney's fees.

C.M.C. opposed the motion. In her certification, C.M.C. stated that in June 2015, W.A.D. had filed the action in Essex County seeking custody and visitation of G.M. and that matter was still pending. C.M.C. said she was not a party to that action. C.M.C. stated that her attorney had advised the judge in the Essex County case that she intended to file for adoption of G.M.

C.M.C. claimed W.A.D. never filed an action to adopt G.M. She denied that she misled the court, and said she was not aware her adoption action and the Essex County custody dispute were related. She also opposed transfer of the action to Essex County, and sought the award of attorney's fees.

On March 3, 2016, the judge heard oral argument and entered an order on March 10, 2016, granting W.A.D.'s motion to intervene. The judge placed the case on the contested list, and ordered that the complaint be held in abeyance pending resolution of the Essex County action. The judge also reserved decision on the parties' applications for attorney's fees.

On November 18, 2016, following a trial, the judge in the Essex County case filed an opinion in which the judge found that W.A.D. was a psychological parent of G.M., and that W.A.D. and R.M.C. would share joint custody of the

A-1600-17T1

child, with W.A.D. designated the parent of primary residence. R.M.C. appealed.[1]

Thereafter, W.A.D. filed a motion to dismiss C.M.C.'s complaint for adoption. She asserted that C.M.C.'s adoption of G.M. would effectively terminate her rights to the child, and this would be inconsistent with the judgment entered in the Essex County action. C.M.C. opposed the motion.

On March 17, 2017, the judge heard oral argument and placed her decision on the record. The judge decided that in light of the trial court's decision in the Essex County matter, which was on appeal, there was no basis to continue to hold C.M.C.'s adoption action in abeyance. The judge decided, however, that the complaint would be dismissed without prejudice. The judge memorialized her decision in an order dated March 17, 2017.

W.A.D. then submitted a certification of services to the court, seeking an award of attorney's fees. C.M.C. opposed the application. The judge filed an order on July 5, 2017, which awarded W.A.D. $26,000 in counsel fees. In an accompanying statement of reasons, the judge addressed the factors under Rule 5:3-5(c).

---

[1] In our opinion filed this date in W.A.D. v. R.M.C., No. A-2587-16, we affirm the trial court's judgment.

A-1600-17T1

Among other things, the judge noted that W.A.D. had incurred $33,975.50 in legal fees, and W.A.D.'s position in the action was reasonable and asserted in good faith. The judge further found that C.M.C. acted in bad faith throughout the proceedings and she was not forthright in her complaint.

The judge pointed out that C.M.C. did not provide the court with notice of the pending action in Essex County regarding G.M. The judge also stated that when C.M.C. filed her complaint, she was aware of the pending custody dispute regarding G.M. in Essex County, but failed to include that information in her complaint. The judge found C.M.C. misled the court and attempted to gain an advantage over W.A.D. in the adoption proceedings. The judge stated that C.M.C.'s actions caused W.A.D. "to incur[] substantial counsel fees which were unwarranted in this case."

On July 26, 2017, C.M.C. filed a motion for reconsideration, which W.A.D. opposed. Thereafter, the judge heard oral argument on the motion and placed her decision on the record. The judge found that C.M.C. had not established any basis for reconsideration. The judge entered an order dated October 20, 2017, denying the motion. C.M.C. appeals.

A-1600-17T1

## II.

We first address W.A.D.'s contention that the appeal from the order dismissing the complaint should be dismissed because it was not filed within the time required by the court rules.

Rule 2:4-1(a) provides that appeals from final judgments of the trial divisions must be filed within forty-five days after entry of the judgment. W.A.D. argues that Rule 2:4-1(a)(1) governs the time for the appeal of the order dismissing C.M.C.'s complaint, but that rule applies to appeals from final judgments terminating parental rights. The order dismissing C.M.C.'s complaint is not an order terminating parental rights. Therefore, the forty-five-day filing requirement in Rule 2:4-1(a) applies here.

The March 17, 2017 order dismissing C.M.C.'s complaint was not, however, a final judgment because it did not resolve all issues as to all parties. See Silviera-Francisco v. Bd. of Educ. of Elizabeth, 224 N.J. 126, 136 (2016) (citations omitted). As noted, the court had not yet ruled upon W.A.D.'s application for counsel fees. An order is not a final judgment for purposes of appeal if an application for attorney's fees is pending. General Motors Corp. v. City of Linden, 279 N.J. Super. 449, 454-56 (App. Div. 1995) rev'd on other

grounds, 143 N.J. 336 (1996); Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 2.2.2 on <u>R.</u> 2:2-3 (2019).

On July 5, 2017, the court filed the order awarding W.A.D. attorney's fees, and on July 26, 2017, C.M.C. filed a motion seeking reconsideration of that order. The time for appeal is tolled by the filing of a timely motion for reconsideration. <u>R.</u> 2:4-3(e). Under our court rules, a motion for reconsideration must be filed within twenty days after service of the order or judgment. <u>R.</u> 4:49-2.

When C.M.C. filed her motion for reconsideration, twenty days already had run on the time for appeal from the order of March 17, 2017. The court denied the motion for reconsideration on October 20, 2017, and the remaining time for appeal again began to run from that date. <u>See</u> <u>R.</u> 2:4-3(e). C.M.C. then had twenty-five days in which to appeal.

C.M.C. filed her notice of appeal on November 30, 2017, which was beyond the time required by <u>Rule</u> 2:4-1(a). It appears that C.M.C. mistakenly believed she had forty-five days to appeal after the court entered its order of October 20, 2017, and she filed her notice of appeal within that time. We elect to exercise our discretion under <u>Rule</u> 2:4-4(a) and extend the time for appeal from the orders of March 17, 2017, and July 5, 2017.

## III.

On appeal, C.M.C. argues that the judge erred by dismissing her complaint. C.M.C. claims she was denied the "right" to have a court determine her status as an adoptive parent and determine whether her adoption of G.M. was in the child's best interests. We disagree.

As we have explained, the motion judge found that C.M.C.'s complaint should be dismissed because the court in the Essex County action had decided that W.A.D. was a psychological parent of G.M., and R.M.C. had appealed that decision. The motion judge found that under the circumstances, C.M.C.'s complaint should no longer be held in abeyance. The judge's decision to dismiss the complaint was not a mistaken exercise of discretion.

Moreover, the judge dismissed the action without prejudice and made no substantive decision on the merits of the complaint. "[A] dismissal without prejudice adjudicates nothing . . . ." O'Loughlin v. Nat'l Cmty. Bank, 338 N.J. Super. 592, 603 (App. Div. 2001). Indeed, "a subsequent complaint alleging the same cause of action will not be barred by reason of its prior dismissal" without prejudice. Czepas v. Schenk, 362 N.J. Super. 216, 228 (App. Div. 2003) (citing O'Loughlin, 338 N.J. Super at 603; Mason v. Nabisco Brands, Inc., 233 N.J. Super. 263, 268 (App. Div. 1989)).

We reject C.M.C.'s contention that the motion judge denied her "right" to have a court decide whether she should be permitted to adopt G.M., and whether the adoption would be in the child's best interests. We affirm the court's order of March 17, 2017, dismissing the complaint without prejudice.

IV.

Next, C.M.C. argues that the trial court erred by awarding W.A.D. attorney's fees. We disagree.

The award of counsel fees in a family action is committed to the sound discretion of the trial court. Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). The award of counsel fees will be disturbed only on the rarest occasions, and then only where there is a clear abuse of discretion. J.E.V. v. K.V., 426 N.J. Super. 475, 492 (App. Div. 2012).

Rule 5:3-5(c) provides that the Family Part may, in its discretion, make an award of attorney's fees, to be paid by any party. The rule provides that in determining the amount of any award, the court must consider the information required by Rule 4:42-9, and the following:

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5)

A-1600-17T1

any fees previously awarded; (6) the amount of fees previously paid to counsel by either party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

In awarding W.A.D. $26,000 in counsel fees, the judge considered the relevant factors in Rule 5:3-5(c), and the certification of services that W.A.D. provided. Among other things, the judge found that although W.A.D. had the ability to pay her own counsel fees, she had contributed a substantial amount to pay the costs of the Essex County custody dispute. Moreover, W.A.D. had depleted an investment account to pay the attorney's fees in both actions. The judge found that C.M.C. had the financial ability to contribute to W.A.D.'s attorney's fees.

In addition, the judge determined that W.A.D.'s position in the case was reasonable and she had advanced her position in good faith. The judge found, however, that C.M.C. had "acted in bad faith throughout" the case. The judge cited C.M.C.'s failure to give notice to the court of the related Essex County action. The judge noted that W.A.D. incurred approximately $34,000 in legal fees. C.M.C. incurred $4285 in counsel fees, and a pro bono project had provided her with legal services.

11

On appeal, C.M.C. argues she did not mislead the court about the existence of the Essex County case. She claims she did not have to disclose that action because it did not involve G.M.'s adoption. C.M.C. also claims she provided the court with all the information in the complaint required by Rule 5:10-3.

As noted, in addition to her custody action, W.A.D. filed a complaint to adopt G.M. in Essex County. It is not clear from the record before us whether W.A.D.'s adoption complaint was pending in Essex County at the time C.M.C. filed her complaint in this case. W.A.D. filed her adoption complaint in November 2015, which was the same month C.M.C. filed her complaint in this matter.

In any event, it is undisputed that the Essex County custody litigation was pending at the time, and C.M.C. failed to inform the court in Union County of that action when she filed her complaint. Instead, in her complaint, C.M.C. certified that "[t]he matter in controversy in the within action is not the subject of any other action pending in any [c]ourt," and that "[t]here are no other persons who should be joined in this action at this time." As the motion judge found, those statements were not accurate.

A-1600-17T1

Undoubtedly, W.A.D.'s custody action had a bearing on C.M.C.'s adoption complaint. In that action, W.A.D. was seeking custody of G.M. on the basis that she was his psychological parent. Therefore, the record supports the judge's finding that C.M.C. mislead the court by failing to disclose the pending Essex County custody dispute.

C.M.C. also argues that the motion judge erred by failing to consider her ability to pay the fees awarded. The contention lacks sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). As noted, the judge reviewed C.M.C.'s income and expenses and considered her ability to pay the fees awarded to W.A.D.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1600-17T1