**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0911-17T1

FRANCIENNA GRANT,

     Plaintiff-Appellant,

v.

DANILO G. YBANEZ, DMD,
and DANILO G. YBANEZ,
DMD, LLC,

     Defendants-Respondents.

_____

Submitted March 4, 2019 – Decided March 28, 2019

Before Judges Sumners and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0470-16.

Francienna Grant, appellant pro se.

Crammer, Bishop & O'Brien, attorneys for respondents (Timothy B. Crammer, on the brief).

PER CURIAM

Plaintiff Francienna Grant appeals from the Honorable J. Christopher Gibson, J.S.C.'s, order granting summary judgment to defendants Danilo G. Ybanez, D.M.D., and Danilo G. Ybanez D.M.D., LLC, and dismissing plaintiff's medical malpractice complaint with prejudice.  We affirm.

We recite the relevant facts and procedural history from the record. Plaintiff filed a complaint against defendants alleging medical malpractice in the Superior Court of New Jersey, Law Division, Special Civil Part on January 28, 2016.  On March 4, 2016, defendants filed their answer.  Plaintiff subsequently filed a motion to transfer the case to the Law Division and file an amended complaint, which the trial court granted on August 25, 2016.  Due to a clerical error, the amended complaint was not filed until November 22, 2016.

On November 30, 2016, plaintiff filed a motion to enter default based on defendants' failure to timely file an answer to the amended complaint.  On the same date, plaintiff provided an "affidavit . . . pursuant to [N.J.S.A.] 2A:53A-28" because "defendant Danilo G. Ybanez fail[ed] to comply with rules of discovery which hindered the plaintiff from progressing [sic] an additional affidavit of merit[.]"[1]  Defendants filed a motion to dismiss the complaint based on plaintiff's failure to timely file an affidavit of merit on December 15, 2016.

---

[1] There is no indication on the affidavit that it was filed with the trial court.

A-0911-17T1

On February 24, 2017, the trial court entered an order denying plaintiff's November 30, 2016 motion to enter default because the time for defendants to file an answer had not elapsed. The trial court also denied defendants' motion to dismiss the complaint based on plaintiff's failure to file an affidavit of merit because the time to file had not yet elapsed. The trial court gave defendants until March 31, 2017 to file an answer, and the answer was filed on March 22, 2017.

On April 10, 2017, plaintiff filed a motion for reconsideration of the February 24, 2017 order, to strike any filings subsequent to February 24, 2017 for lack of jurisdiction, to enter default, and to enter default judgment against defendants. Defendants filed opposition to plaintiff's motion on May 5, 2017. On May 8, 2017, defendants filed a motion to dismiss plaintiff's complaint without prejudice based on plaintiff's failure to timely answer interrogatories.

On June 29, 2017, the trial court denied plaintiff's April 10 motion in its entirety. On the same day, the trial court granted defendants' motions to dismiss plaintiff's complaint without prejudice.

On July 17, 2017, plaintiff filed a motion for leave to appeal the trial court's June 29 denial of her motion for reconsideration. We denied plaintiff's motion on August 11, 2017.

3

Defendants filed a motion for summary judgment on July 21, 2017 due to plaintiff's continued failure to timely serve an affidavit of merit.

On August 28, 2017, plaintiff filed several motions in the Appellate Division, including a motion to extend the time to file a notice of appeal.

On September 12, 2017, the trial court granted defendants' motion for summary judgment based on the plaintiff's failure to timely serve an affidavit of merit and dismissed plaintiff's complaint with prejudice.

On October 26, 2017, we granted plaintiff's motion to extend the time to file a notice of appeal and ruled that plaintiff's August 28 motion was converted to a notice of appeal and was considered timely.

On December 29, 2017, plaintiff filed a motion with this court to "strike" the trial court's September 12, 2017 grant of summary judgment. Plaintiff argued that the trial court lacked subject matter jurisdiction to grant summary judgment. Her motion also sought additional relief, including a request to amend her notice of appeal to include the order granting summary judgment. On February 8, 2018, we granted plaintiff's motion to amend her appeal, but denied all other requested relief.

On this appeal, plaintiff seeks reversal of the trial court's June 29, 2017 order denying her motion for reconsideration, the trial court's June 29, 2017

order dismissing her complaint without prejudice for failure to answer interrogatories, and the trial court's September 12, 2017 order granting summary judgment to defendant.

Having reviewed the record in light of the applicable legal principles, we affirm substantially for the reasons expressed in Judge Gibson's well-reasoned oral decision. We add only the following comments.

Plaintiff argues that the trial court lacked jurisdiction to grant summary judgment because it previously dismissed her complaint without prejudice pursuant to Rule 4:23-5(a)(1). We disagree.

Rule 4:23-5 provides for the dismissal of a complaint without prejudice if a party fails to comply with discovery rules. R. 4:23-5(a)(1). The dismissal of a complaint without prejudice is not an adjudication on the merits. See Czepas v. Schenk, 362 N.J. Super. 216, 228 (App. Div. 2003) (citing O'Loughlin v. Nat'l Cmty. Bank, 338 N.J. Super. 592, 603 (App. Div.), certif. denied, 169 N.J. 606 (2001)). Further, a dismissal of a complaint under Rule 4:23-5(a)(1) does not dispose of the trial court's jurisdiction over the matter as the trial court maintains jurisdiction to dismiss with prejudice if the party continues to fail to comply with discovery rules. See R. 4:23-5(a)(2).

The requirement to serve an affidavit of merit is governed by N.J.S.A. 2A:53A-27, which provides in pertinent part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

The purpose of the requirement that plaintiffs provide an affidavit of merit is to "identify and eliminate unmeritorious claims against licensed professionals and to permit meritorious claims to proceed efficiently through the litigation process." Meehan v. Antonelli, 226 N.J. 216, 229 (2016) (citing Hubbard v. Reed, 168 N.J. 387, 395 (2001)). Our Supreme Court has recently held that a party may not take advantage of a dismissal without prejudice to get more time to file an affidavit of merit. See A.T. v. Cohen, 231 N.J. 337, 352 (2017). The Court noted that allowing dismissal without prejudice to provide parties with

more time "would prolong litigation and potentially eviscerate the [statute's] policy of weeding out, early on, non-meritorious malpractice cases." Ibid.

An affidavit of merit is not required

> if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request.
>
> [N.J.S.A. 2A:53A-28.]

A plaintiff's statement in lieu of affidavit of merit "require[s] a plaintiff to identify with specificity any medical records or other information [s]he believes are needed to prepare an affidavit of merit, in order to trigger the running of the forty-five day period for a response." Scaffidi v. Horvitz, 343 N.J. Super. 552, 559 (App. Div. 2001).

In the instant matter, plaintiff did not submit an affidavit of merit. After review of the record, it was found that she provided an affidavit that she characterized as a statement in lieu of an affidavit of merit. However, plaintiff's statement in lieu did not identify any documents that were needed in order to prepare an affidavit of merit. Thus, plaintiff's statement in lieu does not meet

A-0911-17T1

the requirements to trigger an extension of time to file an affidavit of merit. Accordingly, because plaintiff never filed an affidavit of merit, the trial court did not err in granting summary judgment to defendants and dismissing plaintiff's complaint with prejudice.

To the extent any arguments are not addressed herein, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0911-17T1