17 N.J. Super. 362 (1952)
86 A.2d 257
CITY OF CLIFTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CRESTHAVEN CEMETERY ASSOCIATION, ETC., ET AL., DEFENDANTS-RESPONDENTS. ERNEST KURZROK, APPELLANT PRO SE.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 1952.
Decided January 28, 1952.
*363 Before Judges McGEEHAN, JAYNE and Wm. J. BRENNAN, JR.
Mr. Ernest Kurzrok, pro se.
Mr. William A. Ancier argued the cause for plaintiff-respondent (Mr. John G. Dluhy, attorney).
*364 The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Ernest Kurzrok appeals from an order denying his motion "to intervene in this suit, and to file an answer to the petition of the plaintiff." He argues that he is entitled to intervene as a matter of right under that part of Rule 3:24-1 which provides: "Upon timely application anyone shall be permitted to intervene in an action: (1) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action."
The complaint alleges that the plaintiff is in peaceful possession of certain described lands, as owner in fee simple, under a deed executed by Cresthaven Cemetery Association, a rural cemetery association of New Jersey, and that certain prior deeds in the chain of title contain restrictive covenants restricting the use of these lands for cemetery purposes only. The plaintiff seeks to test and settle the validity of these restrictive covenants. See R.S. 2:76-38 et seq. Among the named defendants are West Ridgelawn Cemetery, a rural cemetery association of New Jersey, Alfred L. Kirby, receiver of West Ridgelawn Cemetery, Walter G. Winne and Toby Furst, substituted trustees for holders of certificates of interest of West Ridgelawn Cemetery, and Theodore D. Parsons, Attorney-General of the State of New Jersey. Kurzrok is an owner of lots in West Ridgelawn Cemetery and as such he has been very active in litigation in both state and federal courts in an endeavor to protect his interests as such lot owner.
In making his motion, Kurzrok failed to comply with the requirement of Rule 3:24-4 that "The motion * * * shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." This requirement should not be dispensed with, even in a case such as this in which a non-lawyer appears pro se, because the determination whether intervention should be granted, and if so the extent thereof, depends upon the contents of the pleading sought to be filed. A striking illustration of the unnecessary litigation *365 which may result from failure to enforce this requirement is contained in the case of Mack v. Passaic Nat. Bank & Trust Co., as reported in 150 F.2d 474 (3rd Cir. 1945) and 154 F.2d 907 (3rd Cir. 1946), a case in which the present appellant also sought to intervene.
The motion was accompanied by a "Petition to Intervene," which contains much irrelevant and some confusing matter. The petition does not even purport to set forth the defenses Kurzrok wishes to plead. It fails to allege sufficient facts to support his claim of interest, or to show that any existing party should represent his interest and has failed to do so. Consequently, on the presentation made, Kurzrok was not entitled to a grant of his motion. Cf. Miami County Nat. Bank of Paola, Kan., v. Bancroft, 121 F.2d 921 (10th Cir. 1941).
However, enough is alleged in the motion papers to suggest that he may have an interest which should be represented by one or more of the existing parties. In view of this and the further facts that he is a non-lawyer appearing pro se and that the trustees of West Ridgelawn Cemetery, Alfred L. Kirby, receiver of West Ridgelawn Cemetery, and the Attorney-General have defaulted, we think that he should be given a further opportunity to make a motion in compliance with Rules 3:24-1 and 3:24-4. We wish to make it clear that strict compliance with the rules should be required once that opportunity is granted.
Affirmed with costs but without prejudice to a new motion by the present appellant for permission to intervene if made within 20 days after the issuance of the mandate to the Superior Court, Chancery Division.