36 N.J. Super. 133 (1955)
115 A.2d 129
JOSEPH SHEAHAN, PLAINTIFF-RESPONDENT,
v.
UPPER GREENWOOD LAKE PROPERTY OWNERS ASSOCIATION, INC., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 13, 1955.
Decided June 17, 1955.
*134 Before Judges GOLDMANN, FREUND and CONFORD.
*135 Mr. Louis C. Friedman argued the cause for defendant-appellant (Messrs. Donato & Donato, attorneys).
Mr. William F. Johnson argued the cause for plaintiff-respondent.
The opinion of the court was delivered by CONFORD, J.A.D.
This is an appeal from an injunction ordered by the Chancery Division against the maintenance by defendant of a fence around the lakefront dock maintained by plaintiff in connection with his business of boat renting at Upper Greenwood Lake. Plaintiff's substantive right by way of license so to use the property has been settled in previous litigation. Upper Greenwood Lake Property Owners Association, Inc., v. Grozing, 6 N.J. Super. 538 (Ch. Div. 1949); and also Upper Greenwood Lake Property Owners Association, Inc., v. Sheehan, Appellate Division Docket No. A-697-51, decided October 31, 1952. Our review of the testimony taken at the hearing herein satisfies us that defendant's construction of the fence referred to was for the purpose and with the intent of hampering and eventually destroying plaintiff's enjoyment of his rights as adjudicated. We also are of the opinion that it has to some extent had the intended effect. It is urged on behalf of defendant, however, that the injunction should have been withheld in view of the rolling back of a portion of the fence about six weeks before the hearing, but about four months after the filing of the complaint. This was done only after service of a contempt application for violation of a preliminary restraint. In view of the obvious legal question thus raised it is no less remarkable than lamentable that the argument should be submitted without support of the citation of a single legal authority either by brief or at oral argument. Similar faith in the putative legal omniscience of the court is also manifested by respondent, whose brief is equally uncluttered by authority. We decry this unabashed and inexcusable failure of counsel to meet their responsibilities to the court and to *136 those they represent. In the circumstances, we might well suppress both briefs as inadequate. R.R. 1:7-9(a).
The tardy attempt of defendant to lend an appearance of observance of plaintiff's rights will avail it nothing. An injunction may issue "to prevent an anticipated or threatened injury, either to protect against a repetition of unlawful conduct or to guard against reasonably apprehended misconduct or infringement of legal right." Hoffmann-LaRoche, Inc., v. Weissbard, 11 N.J. 541, 551 (1953). The preventive aspects of the equitable remedy of injunction have had frequent exposition. Trisolini v. Meltsner, 23 N.J. Super. 204, 209 (App. Div. 1952); Devine v. Devine, 20 N.J. Super. 522, 527, 530 (Ch. Div. 1952); Meyer v. Somerville Water Co., 82 N.J. Eq. 572, 577 (Ch. 1914). An appeal to the court's discretion to withhold the injunction on the plea of cessation of illegal conduct must be predicated upon a showing of the unlikelihood of its recurrence. 43 C.J.S., Injunctions, § 242, p. 982; 28 Am. Jur., Injunctions, § 7, p. 201; Thomson Machine Co. v. Brown, 89 N.J. Eq. 326, 328 (Ch. 1918); Kroecker v. Camden Coke Co., 82 N.J. Eq. 373 (Ch. 1913); Kosich v. Poultrymen's Service Corp., 136 N.J. Eq. 571, 578, 583 (Ch. 1945); United States v. W.T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). Defendant's conduct prior to as well as during this litigation is not such as to inspire any confidence in its disposition to respect plaintiff's rights, free of the sanction of an injunction.
Defendant also contends that protection of plaintiff's rights does not require removal of the entire fence, as ordered. We disagree. The fence can only serve to discourage or impede plaintiff's operations and the full and free access of customers to his dock.
Affirmed.