60 N.J. Super. 130 (1959)
158 A.2d 351
STATE OF NEW JERSEY, BY JOSEPH E. McLEAN, COMMISSIONER OF CONSERVATION AND ECONOMIC DEVELOPMENT, PLAINTIFF-RESPONDENT,
v.
SILVIO A. LANZA, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 24, 1959.
Decided March 6, 1959.
*131 Before Judges GOLDMANN, CONFORD and HANEMAN.
Mr. Vito F. Lanza, appellant, argued the cause pro se.
Mr. Philip Lindeman, II, argued the cause for plaintiff-respondent (Mr. David D. Furman, Attorney General, and Mr. Bernard Hellring, Special Counsel, attorneys).
No appearance by defendant-appellant Silvio A. Lanza.
PER CURIAM.
This appeal will be dismissed as to the defendant Silvio A. Lanza by the court, on its own motion, for his failure to appear or be represented when the cause *132 was called for argument. R.R. 1:8-5(b). The appeal of Vito F. Lanza is dismissed for failure to argue the merits when the case was called, R.R. 1:8-5(c), and for failure to file an adequate brief and appendix. R.R. 1:7-9(a); 1:7-1(f).
This is a condemnation action commenced July 3, 1957 by the plaintiff State of New Jersey to acquire lands of defendant Silvio A. Lanza situated in the area commonly known as Round Valley, for purposes of constructing a water supply reservoir, pursuant to L. 1956, c. 60, N.J.S.A. 58:20-1 et seq. Among other defenses interposed by that defendant (hereinafter referred to as Silvio) was the contention that the enabling act was unconstitutional. This question was determined adversely to him in the Supreme Court on June 27, 1958. State v. Lanza, 27 N.J. 516 (1958). The United States Supreme Court dismissed an appeal from that ruling for lack of a substantial federal question. Lanza v. State, 358 U.S. 333, 79 S.Ct. 351, 3 L.Ed.2d 350 (1959).
Final judgment was entered in favor of the State in the Law Division on November 27, 1957. Condemnation commissioners made an award for Silvio's interest in the sum of $38,425 on February 27, 1958. An appeal from this award has been filed by Silvio, and a hearing thereof, originally fixed for July 10, 1958 but adjourned several times since, is presently proceeding in the Law Division, some 20 to 25 court sessions having already been held in the matter. We are advised by appellant Vito F. Lanza (hereinafter referred to as Vito) that the landowner asserts a valuation for the property of some $350,000, the principal dispute revolving about the quantity and value of certain nursery evergreen stock.
The present appeal was precipitated by the following circumstances. Vito, a New York lawyer and resident, has been advising and collaborating with Silvio, his brother, in connection with every phase of this case since its inception, including regular attendance at the current valuation trial. *133 This has included participation in the engagement of and dealings with various New Jersey counsel who have represented Silvio in the matter since the beginning. There have been three or four of these in succession, and disagreements with counsel have been frequent. On June 30, 1958 (three days after the decision of the New Jersey Supreme Court cited above) there was recorded in the Hunterdon County Clerk's office a deed by Silvio, dated June 24, 1958, purporting to convey an undivided one-tenth interest in the lands in question to Vito. The revenue stamps on the deed indicate a consideration of $10,000. Vito has told the court the consideration for the transfer consisted of past advances to Silvio. The representative of the Attorney General suggests that the conveyance is actually a subterfuge to enable Vito, a lawyer having no standing at the bar of this State, in effect to represent Silvio in this case through the guise of appearances pro se as a party. The past history of these proceedings, and even the papers filed in the present appeal, lend substantial color to the assertion, but we need not determine the question, in view of the present disposition of the appeals.
On the basis of the deed referred to, Vito filed and on July 1, 1958 served on the Attorney General a notice dated June 25, 1958, entitled "Notice of Appearance and Demand of All Papers," reciting his deed interest in the property, demanding service upon him at his New York office of all papers in the cause, and joining in Silvio's answer and pending appeals, so that his "interest" might be "adjudicated to the extent of an undivided one-tenth share and interest in and to any proceeds," etc. On June 30, 1958 the State moved to expunge this "appearance" and on July 3, 1958 Vito filed an "Application and Cross-Motion" to dismiss the State's motion and to be allowed to intervene under R.R. 4:37. He filed another motion on July 19, 1958 for discovery and inspection in preparation for trial of the valuation appeal. On July 15, 1958 the State moved to be permitted to deposit in court the sum awarded by the condemnation *134 commissioners on the ground that the assertion of Vito's interest and the unpaid state lien for costs made it unsafe to pay the money to Silvio, then a non-resident. Vito moved to stay the application.
The various motions referred to above were heard in the Law Division and disposed of by two orders dated August 1, 1958, which are the subject matter of the present appeals. The first of these expunged the appearance of Vito and denied his application for service of all papers upon him, as well as his application for discovery and to stay the deposit in court. The second order directed the plaintiff to pay the amount of the condemnation award into court.
Thereafter, by a paper dated August 2, 1958 and designated "Notice of Appeal, etc.," signed by Vito in the style of "Claimant-Defendant and Attorney in Person Appearing Pro Se," and by Silvio as "Defendant-Appellant, Appearing as Attorney Pro Se," the Lanza brothers gave notice of appeal to the Appellate Division from the entirety of the two August 1 orders aforementioned. The document also purported to give notice of an application for leave to appeal from the said orders, if necessary, and for stay pending the appeal. A subsequent notice, signed by both Lanzas in the style aforesaid and dated August 8, 1958, purported to apply for leave to appeal from the August 1 orders and for stay. Both the applications for stay and for leave to appeal were denied by order of the Appellate Division dated August 29, 1958. Nevertheless, briefs and appendices have been filed by both sides, and the appeals came on to be heard on February 24, 1959. A single "Brief and Appendix" was filed on behalf of the Lanzas, Vito being designated as "Intervening Claimant-Defendant-Appellant and Attorney in Person Pro Se," giving a Brooklyn, New York, office address; and Silvio as "Defendant-Appellant in Person Appearing Pro Se," stating a Long Island City, New York, office address.
On February 20, 1959 (a Friday) a letter was addressed to the Senior Judge of this Part of the Court, signed "Silvio *135 A. Lanza, Appellant appearing herein pro se, c/o Vito F. Lanza Office & P.O. Address 32 Court Street, Brooklyn 1, N.Y." This communication requested that argument and determination of the appeal be withheld pending the conclusion of the trial of the valuation appeal now going on in the Law Division. This letter was received in the office of the clerk of the court at 11:35 A.M. on February 24, 1959, the date scheduled for argument of the appeals (Monday, February 23, being a legal holiday). It was at once delivered to the judges of the court, then in session. Vito appeared in court pro se when the case was called. Silvio was neither present nor represented, unless Vito can be considered his de facto representative. Vito neither asked nor was granted leave to be heard pro hac vice in representation of Silvio. Vito orally renewed the written request of Silvio for an adjournment of the argument until the pending trial should be concluded. Conceiving that the application was without merit and that the appeal should be disposed of as promptly as practicable, the court denied the motion and directed Vito to proceed to argue the merits. He responded that he was not prepared to do so. There was some interrogation from the court concerning the factual background of the matter, but no argument was offered by Vito concerning the legal merits of his appeal from the orders of the Law Division.
The "brief" filed by the Lanzas contains no legal argument or citation of authorities whatsoever in support of the contention that Vito's deed entitled him to intervene at the time and under the circumstances indicated above. There is little beyond a quotation of R.R. 4:37-1, a flat statement that Vito is "covered" thereby, and an explanation "that no authorities are necessary other than the record presently on appeal to indicate that a proper case for intervention has been presented." We emphatically disagree.
A precursory investigation of the law prior to the argument session indicates that a legal problem of some degree of difficulty and complexity is presented by the appeal *136 insofar as the intervention question is concerned. It should be noted, incidentally, that we are treating the order denying intervention as final and appealable. See the construction of corresponding Federal Civil Rule 24, 28 U.S.C.A., in Brotherhood of Railroad Trainmen v. B. & O.R.R. Co., 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947). See also 6 Moore, Federal Practice (1953), pp. 255-257; 4 op. cit., at pp. 35 et seq. The other order, however, was clearly interlocutory and not appealable without leave, and, as noted, leave was denied. The Lanzas' brief claims Vito has a right to intervene under both clauses (a) and (b) of R.R. 4:37-1. Some concept of the uncertainties of construction of these provisions in relation to an application like the present one will be found in 4 Moore, op. cit., supra, § 24.07, pp. 30 et seq.; § 24.08, pp. 35 et seq.; § 24.09, pp. 45 et seq.; Note: "Multiparty Litigation in the Federal Courts," 71 Harv. L. Rev. 874, 898-903 (1958); Clark, Code Pleading (2d ed. 1947, p. 420). A determination of a question of practice law as important as this one ought not to be made without adequate briefing and argument of the matter by the parties. We do not have it here.
The State's brief contends, inter alia, that the application to intervene was not timely, that Vito's interest is adequately represented by Silvio, that the trial court's discretion was not abused and that there was a failure of compliance with R.R. 4:37-4, requiring an applicant for intervention to file a motion "accompanied by a pleading setting forth the claim or defense for which intervention is sought." Vito has obviously failed to comply with the last stated requirement. See City of Clifton v. Cresthaven Cemetery Ass'n, 17 N.J. Super. 362 (App. Div. 1952). He has also failed by brief or oral argument to meet the other contentions mentioned.
A proper appendix in conformance with the rules has not been prepared in this matter by appellants. R.R. 1:7-1(f). Under what is designated "Index to Appendix" there are listed all the pleadings in the cause by description, but none are set forth, in whole or in part. Appellants have *137 filed a single, barely legible carbon copy of the papers with the clerk of the court. This was an egregious violation of the requirement that the appendix set forth the substance of the record data necessary for the court's consideration of the merits of the appeal, and that each copy of the brief contain such an appendix. There was no order by the court permitting this to be done. The clerk was not required to have received or filed such a wholly deficient appendix. R.R. 1:7-11.
R.R. 1:7-9(a) reads as follows:
"(a) Where a brief filed does not conform to the rules, or is so inadequate that justice cannot be done without an independent examination of the facts or the law by the appellate court, the appellate court may suppress the brief and may order offending counsel to serve and file proper adequate briefs within a time stated."
Violation of the rules as to briefs and appendices is subject to dismissal of the appeal in a suitable case. See Feddock v. New Jersey Realty Co., 28 N.J. Super. 400 (App. Div. 1953); Grove v. Grove, 21 N.J. Super. 447 (App. Div. 1952); and see Sheahan v. Upper Greenwood Lake, etc., Ass'n, 36 N.J. Super. 133 (App. Div. 1955).
R.R. 1:8-5(b) and (c) provide:
"(b) If the appellant fails to appear when the cause is called for argument, the court may on oral motion of the respondent, or on its own motion, dismiss the appeal at the cost of the appellant.
(c) When a cause is called for argument and the appellant is not prepared to argue it the cause will be dismissed at the cost of the appellant unless sufficient cause is shown for postponement."
Silvio A. Lanza having failed to appear or be represented at the argument, and his brief and appendix being inadequate, his appeal is dismissed. There would appear to be no prejudice in this course. He has no legal interest in Vito's being admitted as an intervening party, and he had no right to appeal the other order without leave of court.
*138 Vito F. Lanza not having been prepared to argue the appeal when it was called, his application for adjournment having been found without merit, and his brief and appendix being inadequate, his appeal is also dismissed.
In so ruling we call attention to the fact that we have heretofore on occasion excused inadequate briefs and legal arguments when laymen unrepresented by counsel have appeared before us and the interests of justice have indicated that the court should assume the laboring oar to determine the merits. That is not the case here. Vito F. Lanza is a mature and experienced member of the bar of a neighboring state. He has acted as counsel for Silvio in another recent appeal before this court (Lanza v. Goska, No. A-631-56). The legal question requiring argument in the present case was within his competence as a lawyer. The question was one of construction of a rule of court patterned upon a federal court rule which has been construed by federal decisions. The question is not peculiarly one of New Jersey law.
Neither Vito nor Silvio has pleaded indigency as an excuse for not providing the court with the legal assistance by way of informative brief and argument which it is entitled to have on an appeal involving substantial legal questions. Other counsel are representing their interests (or at least Silvio's) in the valuation trial now going on, but the present appeal has been treated with cavalier indifference and neglect. The application for adjournment of the argument was made by the Lanzas with the obvious intention of not proceeding with the argument even if the application were denied.
We do not conceive that Vito Lanza's substantial rights and interests in this matter, if any he holds in good faith, will be seriously prejudiced by the dismissal of this appeal, under all the circumstances obtaining in this matter.
Appeals dismissed, with costs.