NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-4569-15T1

HUNY & BH ASSOCIATES INC.,
DANIEL WEINGARTEN, HILLEL
WEINGARTEN 2013 TRUST, URI
WEINGARTEN 2013 TRUST, NATAN
WEINGARTEN 2013 TRUST and THE
YAEL SILBERBERG 2012 APPOINTED
TRUST,

     Plaintiffs-Respondents,

v.

AVI SILBERBERG,

     Defendant/Third-Party
     Plaintiff-Appellant,

and

YAEL SILBERBERG, YAFFA SILBERBERG
INTERESTED PARTIES, HARBINA
MANAGEMENT COMPANY and THOMAS J.
HERTEN ESQ.,

     Defendants,

and

YAEL SILBERBERG,

     Defendant/Third-Party
     Plaintiff,

v.

SIMA WEINGARTEN, EARL SMITH and
BEFFIE YURMAN,

> **APPROVED FOR PUBLICATION**
>
> **December 2, 2016**
>
> **APPELLATE DIVISION**

Third-Party Defendants-
Respondents,

and

DARLENE FISHER, JUDY SPERO,
SHERA TUCHMAN and GAYA BERNSTEIN,

Third-Party Defendants.
_____

Submitted November 28, 2016 — Decided December 2, 2016

Before Judges Fisher, Ostrer and Leone
(Judge Fisher dissenting).

On appeal from the Superior Court of New
Jersey, Law Division, Bergen County, Docket
No. L-10677-15.

Avi Silberberg, appellant pro se.

Kraemer Burns, P.A., attorneys for
respondents Daniel Weingarten and Sima
Weingarten; and Lowenstein Sandler LLP,
attorneys for respondents HUNY & BH
Associates Inc., Yael Silberberg 2012
Appointed Trust, Hillel Weingarten 2013
Trust, Uri Weingarten 2013 Trust, Natan
Weingarten 2013 Trust, Earl Smith and Beffie
Yurman (John A. Avery, David L. Menzel,
Jeffrey J. Wild and Natalie F. Dallavalle,
on the joint brief).

The opinion of the court was delivered by

OSTRER, J.A.D.

We have before us the motion of various plaintiffs-
respondents and third-party-defendants-respondents to dismiss an

A-4569-15T1

appeal as interlocutory.[1]  In response, defendant Avi Silberberg contends he is entitled to an appeal as of right from the trial court's May 27, 2016 order denying his motion to intervene on behalf of himself doing business as "Right Time," a sole proprietorship in New York.  Mr. Silberberg contends his motion to intervene was as of right, pursuant to Rule 4:33-1, and, consequently, the denial of the motion was final and appealable as of right.  He also seeks to appeal as of right the court's subsequent order on June 17, 2016, imposing monetary sanctions upon him.  This multi-party case remains pending before the trial court, which was scheduled to commence trial October 31, 2016.  Having considered the motion in light of the record and applicable principles of law, the appeal is dismissed.

Our Rules are intended to limit interlocutory and fragmentary appeals that would delay the disposition of cases and clog our courts.  In re Pa. R.R. Co., 20 N.J. 398, 408 (1956); see also Brundage v. Estate of Carambio, 195 N.J. 575, 599 (2008) (referring to "our general policy against piecemeal review of trial-level proceedings").  Appeals as of right from the Superior Court generally may be taken only from final

---

[1]  They include: Plaintiffs Daniel Weingarten, HUNY & BH Associates, Inc., Hillel Weingarten 2013 Trust, Uri Weingarten 2013 Trust, Natan Weingarten 2013 Trust, and The Yael Silberberg 2012 Appointed Trust, and third-party defendants Sima Weingarten, and trustees Earl Smith and Beth Yurman.

judgments.  R. 2:2-3(a)(1).  Final judgments are those that adjudicate "all issues as to all parties."  Silviera-Francisco v. Bd. of Educ. of Elizabeth, 224 N.J. 126, 136 (2016).

We recognize that our court has previously declared that "an order denying intervention has been deemed to be final." Grober v. Kahn, 88 N.J. Super. 343, 360 (App. Div. 1965), rev'd on other grounds, 47 N.J. 135 (1966).  But the view is not universally accepted.  See Gov't Sec. Co. v. Waire, 94 N.J. Super. 586, 588-89 (App. Div.) (without reference to Grober, characterizing as interlocutory an appeal from denial of intervention where appellant had "absolute right to intervene"), certif. denied, 50 N.J. 84 (1967).  See also Savage v. Weissman, 355 N.J. Super. 429, 435 (App. Div. 2002) (contrasting Grober and Gov't Sec. Co.).

Notably, the denial of a permissive motion to intervene has been deemed interlocutory, requiring a motion for leave to appeal.  Savage, supra, 355 N.J. Super. at 435.  Grober would thus create a dichotomy between motions denying permissive intervention and motions denying intervention as of right.  The Grober court acknowledged this potential distinction explicitly in its discussion.  Grober, supra, 88 N.J. Super. at 360.

We are unpersuaded that it is consistent with New Jersey practice and policy to treat the denial of a motion to intervene

as of right as final and appealable as of right. The as-of-right-vs.-permissive dichotomy creates a problematic two-part evaluation for the reviewing court. As a threshold matter, the court must reach the merits of the appeal from the intervention denial — that is, whether there was a right to intervention. Only after this evaluation may the court decide whether there was a right to appeal. Since both forms of motions to intervene merely resolve one issue as to one party, it is far more sensible to treat both as interlocutory.

The Grober court relied on federal precedent. Specifically, Grober relied on State by McLean v. Lanza, 60 N.J. Super. 130 (App. Div. 1959), aff'd on other grounds, 39 N.J. 595 (1963), and both Grober and Lanza referred to Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Co., 331 U.S. 519, 67 S. Ct. 1387, 91 L. Ed. 1646 (1947). Grober also found support in Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 513, 70 S. Ct. 322, 325, 94 L. Ed. 299, 303 (1950) ("We have held that an order denying intervention to a person having an absolute right to intervene is final and appealable.").

We are unpersuaded by the rationale behind the federal approach. The rule is based on a concern that, if a proposed intervenor cannot immediately appeal the denial of a motion to intervene as of right, then he or she would be forever precluded

from securing review at the close of the case as he would lack status as a party. See Bhd. of R.R. Trainmen, supra, 331 U.S. at 524, 67 S. Ct. at 1389, 91 L. Ed. at 1650. Federal courts continue to follow this reasoning. See e.g., Williams v. Katz, 23 F.3d 190, 191 (7th Cir. 1994). But a party denied intervention as of right in New Jersey would not necessarily lack standing to prosecute an appeal at the end of the case under Rule 2:2-3. After all, an unsuccessful intervenor would have the status similar to a party who was dismissed at some point during the course of the litigation, for example, on a motion for partial summary judgment. See Silviera-Francisco, supra, 224 N.J. at 136.

Furthermore, it is unclear whether the federal approach has the same impact on trial court proceedings as would an appeal as of right in our system. Under Rule 2:9-1, an appeal as of right from the denial of a motion to intervene as of right would then vest control of the proceedings in our court and generally divest the trial court of jurisdiction to act. In short, recognizing a right of appeal would mean recognizing the right to halt proceedings in the trial court, absent further order of our court. By contrast, it appears that the federal court's recognition of a right to appeal from a denial of a motion to intervene would not necessarily halt the progress of the ongoing

A-4569-15T1

litigation.  See Apostol v. Gallion, 870 F.2d 1335, 1338 (7th Cir. 1989) ("[A]n appeal of a collateral order does not disrupt the litigation in the district court."); Valley Ranch Dev. Co. v. Fed. Deposit Ins. Corp., 960 F.2d 550, 555 (5th Cir. 1992) ("[A] denial of intervention is immediately appealable as a collateral order.").

Moreover, even federal doctrine provides that if a party is already involved in the litigation and will have standing to seek appellate review notwithstanding the denial of the motion to intervene, then the denial shall not be treated as immediately appealable.  See Carlough v. Amchem Prods., 5 F.3d 707, 712 (3d Cir. 1993) ("[A]nyone who is involved in an action sufficiently to have a right of appeal from its final disposition does not have an immediate right of appeal from a denial or partial denial of intervention.").  See also Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 107 S. Ct. 1177, 94 L. Ed. 2d 389 (1987); 6 James W. Moore, et al., Moore's Federal Practice — Civil § 24.24 (3d ed. 2016) ("If a movant is not technically a party, but is involved in an action sufficiently to have a right to appeal its final disposition, the movant may not immediately appeal denial of a motion to intervene.").  Inasmuch as Mr. Silberberg is already a party to the litigation and will have a right to appeal at its

conclusion, he may not appeal as of right the denial of the motion to intervene on behalf of his sole proprietorship.

Mr. Silberberg does not dispute that the sanctions order is interlocutory. His argument that it is appealable as of right is meritless. R. 2:11-3(e)(1)(E).

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

**FISHER, P.J.A.D., dissenting.**

I concur with and join in my colleagues' determination that there exists no right to appeal the denial of a motion to intervene as of right. I write separately, however, because the motion before us seeks dismissal of the proposed intervenor's notice of appeal and, rather than dismiss, I would grant leave to appeal to consider the merits of the interlocutory appeal. I would do that for two essential reasons.

First, when the notice of appeal was filed, the proposed intervenor had a good faith basis for believing he was entitled to appeal as of right. See Grober v. Kahn, 88 N.J. Super. 343, 360 (App. Div. 1965), rev'd on other grounds, 47 N.J. 135 (1966). Now that we have concluded otherwise, we should exercise liberality and treat the notice of appeal as the equivalent of a mistaken or unartful attempt to seek leave to appeal. See, e.g., Caggiano v. Fontoura, 354 N.J. Super. 111, 125 (App. Div. 2002). In short, I do not view the range of possible outcomes as including only a grant or denial of the motion to dismiss; we should consider whether it is appropriate to grant leave to appeal.

Second, a mistaken denial of intervention as of right could have a profound effect on the parties and judicial economy. If the litigation proceeds without a person who possesses a right

to intervene pursuant to Rule 4:33-1, the remedy — once final judgment is entered and an appeal of right filed — will likely be a new trial.[1] That potential presents a compelling ground for granting leave to appeal. Indeed, because of that potentially profound effect on the proceedings, in my view we should liberally indulge applications for interlocutory review of such orders. Cf. Daniels v. Hollister Co., 440 N.J. Super. 359, 361 n.1 (App. Div. 2015).

I believe the interests of justice and judicial economy highly favor a grant of leave to appeal the denial of intervention as of right. Concerns expressed about the delay caused by an appeal at this time — rampant in the moving papers and implicit in the trial judge's decision — are of interest but, for me, they do not carry the day. Our practice is to accelerate interlocutory appeals. With an expedited briefing schedule, this court could hear and decide the appeal on its merits within a matter of weeks and certainly in less time than

---

[1] Rule 4:33-1 defines a person with a right to intervene as one with an "interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest . . . ." Unless that person's "interest is adequately represented by existing parties," ibid., an erroneous decision that keeps that person on the sidelines while the case is tried will — if appealed — likely lead to a retrial.

has elapsed since the time this appeal was filed.[2] In my view, the efficient administration of justice would be better served by briefly delaying the trial court proceedings so that we might resolve within a short span of time whether intervention was properly denied.

In short, I would not dismiss the appeal — although I agree the proposed intervenor had no right to appeal — but would instead grant leave to appeal the order denying intervention and the intertwined order awarding fees[3] as well. Accordingly, I respectfully dissent from my colleagues' disposition of this motion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] It is of interest that the notice of appeal, which deprived the trial court of jurisdiction, see R. 2:9-1(a); State v. Ross, 441 N.J. Super. 120, 125 (App. Div. 2015), was filed on June 24, 2016, and plaintiffs' motion to dismiss was not filed until October 26, 2016, more than four months later but only a few days before the scheduled commencement of the trial on October 31, 2016. I recognize that earlier correspondence between counsel and the Clerk's Office questioned the proposed intervenor's right to appeal, and I do not mean to suggest plaintiffs' delay in seeking dismissal was strategic. My point is that the delay in filing the motion to dismiss demonstrates that a further brief delay in the disposition of this interlocutory appeal on its merits would cause no harm.

[3] The proposed intervenor also filed an amended notice of appeal which sought our review of the judge's imposition of fees.

A-4569-15T1