**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2628-18T4

STEVEN AGYARKWA,

     Plaintiff-Appellant,

v.

ALARIS HEALTHCARE
AT HAMILTON PARK,

     Defendant-Respondent.

_____

Argued January 27, 2020 – Decided February 20, 2020

Before Judges Sumners, Geiger and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1555-16.

David Robert Cohen argued the cause for appellant.

Thomas J. Pyle argued the cause for respondent (MacNeill, O'Neill & Riveles, LLC, attorneys; Thomas J. Pyle, of counsel and on the brief; Ethan Lillianthal, on the brief).

PER CURIAM

Plaintiff Steven Agyarkwa appeals from a January 11, 2019 Law Division order denying his motion to reinstate his complaint that had been administratively dismissed without prejudice for failure to prosecute pursuant to Rule 1:13-7(a).  For the following reasons, we reverse and remand.

Plaintiff was a resident at defendant Alaris Healthcare at Hamilton Park's nursing home facility (Alaris) from January 7, 2014 to April 16, 2014, with an admitting diagnosis of quadriplegia and quadriparesis.  Plaintiff is profoundly disabled, incapable of independent living, and unable to sign his name due to his condition.

While at Alaris, braces were placed on his knees to "straighten them out."  The braces were removed three days later.  The braces allegedly caused him to suffer significant injuries resulting in a three-week hospitalization and the need for a home health aide after his hospital discharge.

At some point in 2014, plaintiff retained the law firm of Jacoby & Myers to pursue professional negligence claims against Alaris.  In October 2014, Jacoby & Myers requested medical records from Alaris.  On December 5, 2014, Alaris mailed a copy plaintiff's medical records to Jacoby & Meyers.  On December 22, 2014, a case manager at Jacoby & Myers wrote to Alaris advising it that the firm was retained to represent plaintiff relating to his personal injuries

and requesting the letter be turned over to Alaris' liability carrier. On April 21, 2015, Jacoby & Myers sent a second notice of its December 22, 2014 letter to Alaris. It is unclear whether Jacoby & Myers had any additional contact with Alaris.

Plaintiff filed a pro se complaint against Alaris on April 13, 2016, three days before the two-year statute of limitations was set to expire. The complaint was handwritten by plaintiff's niece because of his inability to write. The complaint alleged professional negligence.

On October 28, 2016, Civil Case Management sent a written notice to plaintiff advising that his complaint had been dismissed without prejudice for lack of prosecution pursuant to Rule 1:13-7.[1] The notice advised plaintiff that "[a] formal notice of motion is now required to restore this case to active trial status."

On November 23, 2016, Alaris sent an answer that included separate defenses, and a demand for an affidavit of merit to the court for filing. The answer was received and filed by the court on November 28, 2016. Two days

---

[1] The record on appeal does not indicate the manner of service of the summons and complaint on Alaris or the specific reason for the dismissal for failure to prosecute. The trial court found the complaint was dismissed because plaintiff never filed a proof of service.

A-2628-18T4

later, Civil Case Management notified defense counsel in writing that the complaint ha[d] been dismissed pursuant to Rule 1:13-7. The notice requested defense counsel to "contact [p]laintiff's counsel to submit order restoring case." On December 8, 2016, defense counsel wrote to plaintiff confirming "that the case had been dismissed for lack of prosecution pursuant to New Jersey Court Rule 1:13-7." The letter advised "that it would be necessary for [plaintiff] to have this case restored to the active court calendar before this matter can proceed." The letter further advised that if the case was not restored within sixty days, counsel would "file a motion seeking to dismiss the case with prejudice." Plaintiff did not respond to the letter.

Plaintiff ultimately retained new counsel in late October or early November 2018 and filed a motion to restore the complaint and to compel production of records on November 14, 2018. Alaris opposed the motion and cross-moved to dismiss the complaint for failure to provide an affidavit of merit. On January 11, 2019, the motion court heard oral argument and issued an order and oral decision denying both motions.

In its oral decision, the trial court noted "a complaint was timely filed, the records were provided, records were forwarded, a complaint was served, everything was done except a reinstatement of the complaint." Recognizing that

plaintiff was pro se when the complaint was drafted and filed, the court explained that pro se plaintiffs are "bound by the same court rules as an attorney."  The court concluded that the failure to restore the complaint was "fatal to reinstating this case."

The court stated the standard for reinstatement is conjunctive.  In order to deny reinstatement, "[t]he court must find fault by the plaintiff and prejudice to the defendant."  The court concluded plaintiff was at fault by causing the delay.  The court noted the complaint would have been restored had plaintiff filed a timely motion to reinstate supported by "a one paragraph certification."

The court did not accept Alaris' argument that a registered nurse was now unavailable because she is no longer employed by Alaris.  The court thus concluded employee turnover did not create prejudice.  However, the court found allowing reinstatement would prejudice Alaris by affording plaintiff additional time to obtain an affidavit of merit.  The court noted the Legislature imposed a 120-day time limit for serving an affidavit of merit in professional negligence cases.  See N.J.S.A. 2A:53A-27.  The court concluded that the delay had "taken away [Alaris'] ability to assert a defense they would have had and it would have been 120 days from November 30."

This appeal followed. On March 1, 2019, the motion court issued a subsequent fifteen-page amplification of its oral decision pursuant to Rule 2:5-1(b). The court noted plaintiff "is almost entirely incapable of independent movement" and "unable to handwrite his complaint."

Regarding plaintiff's fault, the court stated:

> Plaintiff retained counsel in October of 2014. No information was provided to the court as to why counsel at Jacoby & Myers did not file a complaint. Plaintiff filed his complaint pro se on April 13, 2016. Plaintiff did not contest that he received a notice from the court, stating that the complaint was dismissed on October 28, 2016, and a letter from [d]efense counsel dated December 8, 2016, stating that [p]laintiff would have to file a motion to reinstate in order to prosecute his claim. Yet, [p]laintiff failed to take any steps to advance this case until November of 2018 – thirty-one months after filing the complaint and over two years after the complaint was dismissed. Despite [p]laintiff's physical disabilities, [p]laintiff did not set forth any mental disability that would prevent him from understanding what the court notices meant or what was needed to file suit against [d]efendant. On the other hand, [p]laintiff showed great ability to prosecute his claim – he retained counsel at Jacoby & Myers back in 2014, then filed his own pro se complaint three days before the statute of limitations expired and (at some point) served it on [d]efendant. He went back to Alaris to ask that his medical records be sent to his physician, then he retained new counsel.

Regarding prejudice to Alaris, the court analogized this case to Czepas v. Schenk, 362 N.J. Super. 216 (App. Div. 2003), where the plaintiff's attorney

A-2628-18T4

intentionally failed to serve the defendants to gain additional time to obtain and serve an affidavit of merit. Id. at 219. Here, the trial court found:

> Plaintiff intentionally failed to file this motion to restore the complaint, despite two notices that his complaint was dismissed, including a notice from [d]efense counsel. Plaintiff's failure to prosecute this claim effectively expanded the time restraints in the Affidavit of Merit statute. See N.J.S.A. 2A:53A-27 (requiring plaintiff to serve the affidavit of merit within 60 days following the date of filing of an answer). Because [p]laintiff failed to reinstate the complaint, [d]fendant[] [was] unable to successfully file an answer and begin the clock for when the affidavit of merit was required. Thus, [p]laintiff tolled the sixty-day time restraint and expanded it to be over two years. Plaintiff should not be able to interminably extend the time to file an AOM by failing to move to reinstate a complaint dismissed for lack of prosecution, thereby prejudicing [d]efendant by denying the defense of the statute.

The court "found that [p]laintiff did not show good cause to reinstate the complaint as [p]laintiff was at fault in the delay to reinstate and there would be prejudice to [d]efendant."

On appeal, defendant argues: (1) the motion court erred in failing to reinstate the complaint because defendant filed an answer after the administrative dismissal; and (2) the motion court erred in failing to reinstate the complaint because plaintiff has shown good cause for reinstatement.

A-2628-18T4

We review the denial of a motion to reinstate a complaint dismissed for lack of prosecution for abuse of discretion. Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 382 (App. Div. 2011). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir. 1985)).

We review legal issues de novo. Alfano v. BDO Seidman, LLP, 393 N.J. Super. 560, 573 (App. Div. 2007). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).

Rule 1:13-7(a) provides in pertinent part:

> whenever an action has been pending for four months . . . without a required proceeding having been taken[,] . . . the court shall issue written notice to the plaintiff advising that the action as to any or all defendants will be dismissed without prejudice [sixty] days following the date of the notice . . . unless, within said period, action specified in subsection (c) is taken.

"The following events constitute required proceedings that must be timely taken to avoid the issuance by the court of a written notice of dismissal": (1) filing of

a proof of service or acknowledgment of service; (2) filing of an answer; (3) entry of a default; or (4) entry of a default judgment.  R. 1:13-7(b).  However, dismissal shall not be entered if certain specified events, including filing a proof of service or an answer, occur within four months.  R. 1:13-7(c).

In addition to setting forth grounds for dismissal, Rule 1:13-7(a) provides two methods for reinstating a complaint against a single defendant that has been dismissed for lack of prosecution.  The complaint may be reinstated by "a consent order vacating the dismissal and allowing the dismissed defendant to file an answer."  R. 1:13-7(a).  "If the defendant has been properly served but declines to execute a consent order, plaintiff shall move on good cause shown for vacation of the dismissal."  Ibid.

Although "good cause" is difficult to precisely define, "[i]ts application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied."  Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007) (quoting Del. Valley Wholesale Florist, Inc. v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002)).  "In applying the good cause standard for reinstating a complaint under Rule 1:13-7(a), 'we are satisfied that, absent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under the rule

should be viewed with great liberality.'" Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 609 (App. Div. 2014) (quoting Ghandi, 309 N.J. Super. at 197).

"[Rule] 1:13-7 is an administrative rule designed to clear the docket of cases in which plaintiff has failed to perform certain acts." Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 1:13-7 (2020). Administrative dismissals pursuant to Rule 1:13-7(a) are meant to clear to "clear the docket of cases that cannot, for various reasons, be prosecuted to completion." Mason v. Nabisco Brands, Inc., 233 N.J. Super. 263, 267 (App. Div. 1989). "Dismissals under the rule are 'without prejudice.'" Ghandi, 390 N.J. Super. at 196 (citing R. 1:13-7(a)). "Accordingly, the right to 'reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later.'" Ibid. (quoting Rivera v. Atl. Coast Rehab. Ctr., 321 N.J. Super. 340, 346 (App. Div. 1999)). "Eagerness to move cases must defer to our paramount duty to administer justice in the individual case." Id. at 198 (quoting Audubon Volunteer Fire Co. No. 1 v. Church Const. Co., 206 N.J. Super. 405, 406 (App. Div. 1986)).

We are also mindful that our court rules

> shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or

10

dispensed with by the court in which the action is pending if adherence to it would result in an injustice.

[R. 1:1-2(a).]

We note, however, that pro se litigants are expected to follow the Court Rules, just as an attorney. See, e.g., City of Clifton v. Cresthaven Cemetery Ass'n, 17 N.J. Super. 362, 364 (App. Div. 1952) (observing that compliance with a particular court rule should not be dispensed with when a non-lawyer appears pro se).

Applying these principles to the unique facts of this case, we conclude the trial court mistakenly applied its discretion in denying plaintiff's motion to reinstate his complaint.

Plaintiff argues he has demonstrated good cause because he is "profoundly disabled," prepared and filed his complaint pro se, and defendant suffered no prejudice.[2] Coupled with the absence of any evidence in the record that plaintiff intentionally delayed the filing of his reinstatement motion to gain a strategic advantage by delaying the deadline for serving an affidavit of merit, we agree.

In general, a decision on the merits is preferred to a disposition on procedural grounds.

---

[2]  Plaintiff also argues that, by filing its answer, Alaris consented to the reinstatement of his complaint.  We disagree.

A-2628-18T4

Our Court Rules, from their inception, have been understood as "a means to the end of obtaining just and expeditious determinations between the parties on the ultimate merits." Ragusa v. Lau, 119 N.J. 276, 284 (1990) (quoting Tumarkin v. Friedman, 17 N.J. Super. 20, 27 (App. Div. 1951)); see also Ponden v. Ponden, 374 N.J. Super. 1, 9-10 (App. Div. 2004); Tucci v. Tropicana Casino & Resort, Inc., 364 N.J. Super. 48, 53 (App. Div. 2003). As a result, the Supreme Court has recognized a "strong preference for adjudication on the merits rather than final disposition for procedural reasons." Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 356 (2001) (quoting Mayfield v. Cmty. Med. Assocs., P.A., 335 N.J. Super. 198, 207 (App. Div. 2000)).

[Alpha Beauty Distribs., Inc. v. Winn-Dixie Stores, Inc., 425 N.J. Super. 94, 102 (App. Div. 2012).]

The trial court denied plaintiff's motion to reinstate for failure to demonstrate "good cause" because it found plaintiff was at fault for the delay in moving to reinstate and the delay prejudiced Alaris.

Alaris has not demonstrated that it would experience prejudice if plaintiff's complaint was reinstated. Alaris claims it would be prejudiced by the significant additional time that plaintiff would gain to serve an affidavit of merit. According to Alaris, this undermines its Alaris' ability to enforce its defense of lack of a timely affidavit of merit. To the contrary, that defense is preserved.

Upon the complaint's reinstatement, plaintiff will still be subject to the requirements of the affidavit of merit statute. Alaris will have the opportunity

to object to plaintiff's affidavit of merit if it does not: (1) meet the time limitations for service; (2) include the required opinion that there exists a reasonable probability the care rendered fell outside acceptable professional standards or treatment practices; or (3) the person executing the affidavit does not meet the requirements of N.J.S.A. 2A:53A-41 or have appropriate licensure. N.J.S.A. 2A:53A-27.

The record establishes that plaintiff is profoundly disabled. He is unable to move independently and cannot even write his own name. He filed his pro se complaint and case information (CIS) statement before the statute of limitations expired and served the summons, complaint, and CIS on Alaris in a timely fashion. Alaris filed an answer to the complaint in less than four months. According to the trial court, the only basis for dismissal was plaintiff's failure to file a proof of service in a timely fashion. Alaris has not established that plaintiff's delay in moving for reinstatement prejudiced its ability to substantively defend the action due to the loss of evidence or witnesses.

Notably, Rule 1:13-7(a) does not impose a time limitation for moving to reinstate in single defendant cases. Although the reinstatement motion was filed almost two years after the dismissal, our courts have granted reinstatement in cases, absent proof of prejudice to the defendant, where the delay was

significant. See e.g., Giannakopoulos, 438 N.J. Super. at 608-09 (more than one year); Baskett, 422 N.J. Super. at 384-85 (thirty-three months); Ghandi, 390 N.J. Super. at 195, 197-98 (fifteen months).

Unlike in Czepas, plaintiff did not intentionally delay filing his reinstatement motion for strategic reasons. There is no evidence that he waited to file the motion to gain additional time to obtain an affidavit of merit. Indeed, because the complaint was dismissed before Alaris filed its an answer, the case was not scheduled for a Ferreira[3] conference to resolve any affidavit of merit issues. Moreover, the court had not yet implemented "electronic notification of the affidavit of merit filing obligation and the Ferreira conference scheduling so that courts and parties do not overlook them." Pressler & Verniero, cmt. 5.5.4 on R. 4:5B-4. Consequently, plaintiff, who was pro se at that point, may well have been unaware that he is required to serve an affidavit of merit.

The purpose of the Affidavit of Merit Statute is to "weed out frivolous lawsuits early in the litigation while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court." Ferreira, 178 N.J. at 150

---

[3] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003). Trial courts must conduct "an accelerated case management conference . . . within ninety days of the service of an answer in all malpractice actions" to resolve "discovery related issues, such as compliance with the Affidavit of Merit statute." Id. at 154; see R. 4:5B-4(a) (same).

(citing Hubbard v. Reed, 168 N.J. 387 (2001)).  This case was dismissed before plaintiff was required to serve an affidavit of merit.  To be sure, there was no consideration of the merits of plaintiff's cause of action, nor could there have been at the time the complaint was administratively dismissed.

In the context of this case, we view the purpose of Rule 1:13-7(a) to be distinctly different than the purpose of the Affidavit of Merit Statute.  Because the case was administratively dismissed before Alaris filed its answer, the parties did not engage in discovery.  In fact, plaintiff claims he does not even possess his complete medical records compiled by Alaris.

We conclude that "principles of equity and the essential goal of the [Affidavit of Merit Statute]—to eliminate frivolous lawsuits—are not advanced by dismissing the complaint."  Ferreira, 178 N.J. at 153.  Instead, we deem reinstatement of the complaint, subject to plaintiff meeting the requirements of the statute, to be equitable and appropriate.  "Plaintiff should not be denied the opportunity to have [his] facially valid claim move forward and be addressed on its merits."  A.T. v. Cohen, 231 N.J. 337, 350 (2017).

We further conclude that plaintiff established good cause for reinstatement of his complaint.  The record demonstrates no prejudice to Alaris and no ulterior motive on the part of plaintiff.  As noted, plaintiff was pro se and

profoundly disabled.  Under these unique circumstances, we find that this case does not involve the type of fault contemplated by <u>Rule</u> 1:13-7(a).

Reverse and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2628-18T4